IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**ATLANTA LIGHT BULBS, INC.,**<br><br>    Debtor.<br><br>---<br><br>**TANDEM BANK,**<br><br>    Movant,<br>v.<br><br>**ATLANTA LIGHT BULBS, INC.**<br><br>    Respondent. | **CHAPTER 11**<br><br>**CASE NO. 22-52950-pmb**<br><br><br>**CONTESTED MATTER** |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW Tandem Bank ("Tandem Bank" or "Movant") through its undersigned counsel, and moves the Court for entry of an order granting relief from the automatic stay. In support of its motion, Tandem shows the Court the following:

### JURISDICTION

1. This Court has jurisdiction to decide this Motion pursuant to 28 U.S.C. § 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G), and (M). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

3. On April 15, 2022 ("Petition Date"), Halco Lighting Technologies, LLC, Candela Corporation, and Norcross Electric Supply Company filed an involuntary petition (Doc. No.1) (the "Involuntary Petition") for relief against Atlanta Light Bulbs, Inc. ("Debtor") under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., (the "Bankruptcy Code").

4. Debtor is a Georgia corporation which, upon information and belief, is or was in the lighting business ("Business") and operates or operated out of leased premises located at 2109 Mountain Industrial Blvd, Tucker, GA 30084 (the "Mountain Industrial Premises") and

leased office space located at 2 Sun Court, Suite 460 Peachtree Corners, GA 30092 (the "Office Premises").

5. Debtor filed no timely response to the Involuntary Petition. Debtor's response to the Involuntary Petition was due May 13, 2022. No lawyer or representative of Debtor has appeared as of the date hereof.

6. On May 12, 2022, the Court entered its *Order Granting Motion for Examination Pursuant to Federal Rule for Bankruptcy Procedure 2004* (Doc. No. 17) (the "2004 Order") authorizing Tandem Bank to proceed with discovery and conduct an examination of Debtor. Tandem Bank attempted to voluntarily schedule the production of documents and examination through a lawyer who represented Debtor in other matters, but those efforts were unsuccessful. Tandem Bank additionally attempted to compel the same through issuance of a subpoena as set forth in Federal Rule of Civil Procedure 45 requiring production of documents on or by May 23, 2022, and an examination of Debtor on May 24, 2022. Debtor has failed to comply with the subpoena.

7. Tandem Bank is the holder of a secured claim against Debtor in the principal amount of $600,000.00, plus pre-petition interest, post-petition interest, attorney's fees and charges as allowed by law, as evidenced by a Promissory Note (the "Note") and Business Loan Agreement dated September 2, 2020 (the "Loan Agreement").

8. Tandem Bank's claim is collateralized by a first priority security interest in all of Debtor's assets, including but not limited to, all inventory, chattel paper, accounts, equipment, general intangibles and fixtures; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other account proceeds) (the "Collateral") pursuant to that certain Commercial Security Agreement dated September 2, 2020 (the "Security Agreement").

9. Tandem Bank's lien extends to Debtor's cash collateral. No cash collateral motion has been filed, and no request has been received by Tandem Bank to approve the use of cash collateral. Tandem Bank opposed use of its cash collateral and has not consented to such use.

10. Tandem Bank's secured claim is evidenced and perfected by virtue of that certain UCC Financing Statement recorded in the records of the Clerk of Superior Court of Dekalb County on September 14, 2020, as File No. 044-2020-004114 (the "UCC"). (The Note, Loan Agreement, Security Agreement, and UCC are collectively referred to herein as the "Loan Documents"). Copies of the Loan Documents are available upon request to Movant's counsel.

11. The Loan Documents were in default on the Petition Date for reasons including Debtor's failure to provide financial information required by the Loan Documents, Debtor's change in ownership, and Debtor's payment defaults. The Note matured by its own terms on September 2, 2021, and remains unpaid.

12. All of Debtor's assets are fully encumbered by Tandem Bank's secured claim pursuant to the Loan Documents. Upon information and belief, Tandem Bank's claim is under-secured as the assets are less than the debt due Tandem Bank.

13. The filing of the bankruptcy case has prohibited Movant from enforcing the terms of its security interests in the Collateral which it would otherwise be entitled to do. There is no equity in the Collateral. Movant's security interests in the Collateral are not adequately protected. Movant hereby demands adequate protection.

14. No lawyer, officer or person in control of Debtor has appeared on behalf of Debtor. Accordingly, no fiduciary is actively managing the bankruptcy estate or performing the duties of a debtor in possession. As Debtor's assets are fully encumbered by Tandem Bank's secured claim, no assets exist from which to pay administrative expenses or any professional to take control of Debtor. The estate appears to be administratively insolvent. Moreover, the appointment of such a professional would not likely lead to any recovery for unsecured

creditors.

15. Sun Court Partners, LP ("Sun Court"), landlord for the Office Premise, filed its *Motion for Relief from the Automatic Stay, for Rejection of the Lease* Nunc Pro Tunc *and for Abandonment of Any Property in the Premises* (Doc. No. 28) (the "Sun Court Stay Relief Motion") and seeks to recover the Office Premises and have any remaining assets abandoned to Sun Court.

16. On Friday, June 3, 2022, a representative of Tandem Bank inspected the Office Premises, and the Office Premises had been vacated with the only remaining items being: (i) 3 – 5 cubicle office systems; (ii) 8 – 3 drawer cabinets which slide under the cubicle desks; (iii) 1 – 4 door credenza and (iv) 1 – office chair (collectively, the "Office Premises Contents").  Tandem Bank holds a first priority lien on the Office Premises Contents.

17. Tandem Bank believes there may be additional collateral of Tandem Bank located at the Mountain Industrial Premises.

## ARGUMENT

**A.  Cause exists to grant Movant relief from the automatic stay under § 362(d)(1), (d)(2), and (d)(4).**

18. Section 362(d) of the Bankruptcy Code provides, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; …;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d) (emphasis added). The disjunctive "or" emphasized above indicates that a party in interest that has carried its burden under either § 362(d)(1) or (d)(2) is entitled to relief from the automatic stay. Movant is entitled to relief under both of these sections.

19. Movant is entitled to relief "for cause." Cause is not defined in the Bankruptcy Code and must be addressed on a case-by-case basis. Here, cause exists because Movant is not adequately protected. Debtor has refused to participate in this case, and thus no schedules have been filed. Upon information and belief, the assets now in the estate are (a) encumbered by Movant's lien and (b) worth less than the amount outstanding under Movant's loan.

20. Movant is likewise entitled to relief under § 362(d)(2) because debtor does not have equity in the property and such property is not necessary to an effective reorganization. As indicated above, there does not appear to be equity in the property for which Movant seeks relief. Likewise, the property is not necessary to an effective reorganization. It is Debtor's burden to show that the Property "is essential for an effective reorganization that is in prospect." *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 376, 108 S. Ct. 626, 633 (1988). Even putting aside the issue of who has the burden of proof, the simple fact is that there is no reorganization in prospect. Movant has been informed that Debtor is not operating and a landlord has moved for relief from stay, asserting that the Debtor has abandoned the premises. Movant's collateral is not being protected.

21. Movant requests that the Court grant it relief from the automatic stay, instanter, without the necessity of any fourteen day stay, all as authorized by the provisions of Federal Rule of Bankruptcy Procedure 4001(a)(3).

22. Movant, by and through its counsel, waives the requirements of 11 U.S.C. § 362(e) which would otherwise require a hearing on said Motion within thirty (30) days. The Movant waives such provisions and consents to the automatic stay (and any related co-debtor stay) remaining in effect with respect to Movant until such time as the Court orders otherwise.

WHEREFORE, Movant requests relief from or annulment of the automatic stay as to the Collateral, adequate protection, or other relief as the Court deems equitable.

Respectfully submitted this 8th day of June, 2022.

**JONES & WALDEN LLC**

<u>*/s/ Leslie M. Pineyro*</u>
Leslie M. Pineyro
Georgia Bar No. 969800
Attorney for Tandem Bank
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404) 564-9300
lpineyro@joneswalden.com