**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**ATLANTA LIGHT BULBS, INC.,**<br>　　Debtor.<br><br>**TANDEM BANK,**<br>　　Movant,<br>**v.**<br>**ATLANTA LIGHT BULBS, INC.**<br>　　Respondent. | **CHAPTER 11**<br><br>**CASE NO. 22-52950-pmb**<br><br><br>**CONTESTED MATTER** |

**MOTION REQUESTING ENTRY OF ORDER**
**PROHIBITING USE OF CASH COLLATERAL**

COMES NOW Tandem Bank ("Movant") and hereby files this "Motion Requesting Entry of Order Prohibiting the Use of Cash Collateral" (the "Motion"). In support of the Motion, Movant shows the Court as follows:

**Jurisdiction**

1.　This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is 11 U.S.C. §§ 105(a), and 363.

**Background**

2.　On April 15, 2022 ("Petition Date"), Halco Lighting Technologies, LLC, Candela Corporation, and Norcross Electric Supply Company filed an involuntary petition (Doc. No.1) (the "Involuntary Petition") for relief against Atlanta Light Bulbs, Inc. ("Debtor") under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., (the "Bankruptcy Code").

3.　As of the date hereof, Debtor has not filed a response to the involuntary petition.

Debtor's response was due May 13, 2022.

4. Debtor is a Georgia corporation which, upon information and belief, is or was in the lighting business ("Business") and operates or operated out of leased premises located at 2109 Mountain Industrial Blvd, Tucker, GA 30084 (the "Mountain Industrial Premises") and leased office space located at 2 Sun Court, Suite 460 Peachtree Corners, GA 30092 (the "Office Premises").

5. Debtor has not filed a motion requesting authorization to use Cash Collateral (as defined in 11 U.S.C. Sec. 363). As further described below, Tandem Bank holds a valid first priority lien on Debtor's Cash Collateral.

6. On May 12, 2022, the Court entered its *Order Granting Motion for Examination Pursuant to Federal Rule for Bankruptcy Procedure 2004* (Doc. No. 17) (the "2004 Order") authorizing Tandem Bank to proceed with discovery and conduct an examination of Debtor. Tandem Bank attempted to voluntarily schedule the production of documents and examination through a lawyer who represented Debtor in other matters, but those efforts were unsuccessful. Tandem Bank additionally attempted to compel the same through issuance of a subpoena as set forth in Federal Rule of Civil Procedure 45 requiring production of documents on or by May 23, 2022, and an examination of Debtor on May 24, 2022. Debtor has failed to comply with the subpoena.

7. Tandem Bank is the holder of a secured claim against Debtor in the principal amount of $600,000.00, plus pre-petition interest, post-petition interest, attorney's fees and charges as allowed by law, pursuant to a Promissory Note (the "Note") and Business Loan Agreement dated September 2, 2020 (the "Loan Agreement").

8. Tandem Bank's claim is collateralized by first priority security interest in all of Debtor's assets, including but not limited to, all inventory, chattel paper, accounts, equipment, general intangibles and fixtures; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records

of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other account proceeds) (the "Collateral") pursuant to that certain Commercial Security Agreement dated September 2, 2020 (the "Security Agreement").

9. Tandem Bank's lien extends to Debtor's cash collateral. No cash collateral motion has been filed, and no request has been received by Tandem Bank to approve the use of cash collateral. Tandem Bank opposes use of its cash collateral and has not consented to such use.

10. Tandem Bank's secured claim is evidenced and perfected by virtue of that certain UCC Financing Statement recorded in the records of the Clerk of Superior Court of Dekalb County on September 14, 2020, as File No. 044-2020-004114 (the "UCC"). (The Note, Loan Agreement, Security Agreement, and UCC are collectively referred to herein as the "Loan Documents"). Copies of the Loan Documents are available upon request to Movant's counsel.

11. On July 19, 2021, Tandem Bank issued a demand letter to Debtor notifying Debtor of its failure to provide certain financial statements, including accounts receivable aging, borrowing base certificates, annual statements, interim statements, and tax returns (collectively, the "Financial Documents") as required by the Loan Documents and provided a 10-day cure period to provide the same.

12. Debtor failed to provide the complete Financial Documents.

13. Tandem Bank has repeatedly requested Debtor voluntarily share information with Movant; however, Debtor has failed to provide such information.

14. Tandem Bank has an immediate need for the required information due to reasons including but not limited to cash collateral concerns.

15. The Loan Documents were in default on the Petition Date for reasons including Debtor's failure to provide financial information required by the Loan Documents, Debtor's change in ownership, and Debtor's payment defaults. The Note matured by its own terms on September 2, 2021, and remains unpaid.

16. All of Debtor's assets are fully encumbered by Tandem Bank's secured claim

pursuant to the Loan Documents. Upon information and belief, Tandem Bank's claim is under-secured as the assets are less than the debt due Tandem Bank.

17. Movant's security interests in the Collateral, including the Cash Collateral, are not adequately protected.

18. No lawyer, officer or person in control of Debtor has appeared on behalf of Debtor. Accordingly, no fiduciary is actively managing the bankruptcy estate or performing the duties of a debtor in possession. As Debtor's assets are fully encumbered by Tandem Bank's secured claim, no assets exist from which to pay administrative expenses or any professional to take control of Debtor. The estate appears to be administratively insolvent. Moreover, the appointment of such a professional would not likely lead to any recovery for unsecured creditors.

### Relief Requested

19. By this Motion, Tandem Bank requests that the Court enter an order prohibiting Debtor's use of Cash Collateral generated from the Business or otherwise. In the alternative, Tandem Bank requests Debtor's use of Cash Collateral be (i) conditioned upon adequate protection of Tandem Bank's interest in the Cash Collateral; and (ii) subject to a Court approved budget with which Debtor must strictly comply.

### Basis for Relief

20. Section 363(c)(2) provides that a debtor in possession may *not* use cash collateral *unless* an entity that has an interest in such cash collateral consents or the court approves the use of such cash collateral. Section 363(p) provides that at a hearing on the use of cash collateral, the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest, and the debtor-in-possession has the burden of proof on the issue of adequate protection. Rule 4001(b)(2) provides that the Court may not hold a final hearing on a motion to use cash collateral earlier than 14 days after service of the motion, but

may authorize the use of cash collateral prior to a final hearing as necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

21. Tandem Bank requests the Court enter an Order prohibiting Debtor's use of Cash Collateral as Tandem Bank has not consented to such use and the Court has not entered an order authorizing such use. Accordingly, Debtor's use of Cash Collateral during the pendency of this case has been in violation of the Bankruptcy Code[1].

22. Notice pursuant to Federal Rule of Bankruptcy Procedure 4001(b) is being sent to all parties required by such rule. Specifically, notice of this Motion and any hearing thereon shall be provided to each Respondent, the United States Trustee, Debtor and the Debtor's creditors.

WHEREFORE, for all of the above reasons, Movant requests that the Court:

(a) enter an order prohibiting Debtor's use of Cash Collateral; and

(b) grant the Movant such other and further relief as may be just and equitable.

This 8th day of June, 2022.

**JONES & WALDEN LLC**

*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
Attorney for Tandem Bank
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
lpineyro@joneswalden.com

---

[1] Tandem Bank reserves the right to assert any claims against Debtor or any other person or entity related to the unauthorized post-petition use or receipt of cash collateral.