**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:** <br><br> **ATLANTA LIGHT BULBS, INC.,** <br><br>     Debtor. <br> _____ <br><br> **TANDEM BANK,** <br><br>     Movant, <br> **v.** <br><br> **ATLANTA LIGHT BULBS, INC.** <br><br>     Respondent. | **CHAPTER 11** <br><br> **CASE NO. 22-52950-pmb** <br><br><br><br> **CONTESTED MATTER** |

**SUPPLEMENT TO MOTION TO DISMISS BANKRUPTCY CASE (REQUESTING CONVERSION TO CHAPTER 7 AS ALTERNATIVE RELIEF)**

COMES NOW Tandem Bank and hereby files this *Supplement to Motion to Dismiss Bankruptcy Case (Requesting Conversion to Chapter 7 as Alternative Relief)* (the "Supplement") supplementing the *Motion to Dismiss* (Doc. No. 23) (the "Motion to Dismiss"). Tandem Bank shows the Court as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion to Dismiss under 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)

**BACKGROUND**

2. On April 15, 2022 ("Petition Date"), Halco Lighting Technologies, LLC, Candela Corporation, and Norcross Electric Supply Company filed an involuntary petition (Doc. No.1) (the "Involuntary Petition") for relief against Atlanta Light Bulbs, Inc. ("Debtor") under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., (the "Bankruptcy Code").

3. Debtor is a Georgia corporation which, upon information and belief, was in the

lighting business ("Business") and operates or operated out of leased premises located at 2109 Mountain Industrial Blvd, Tucker, GA 30084 (the "Mountain Industrial Premises") and leased office space located at 2 Sun Court, Suite 460 Peachtree Corners, GA 30092 (the "Office Premises").

4. Debtor filed no timely response to the Involuntary Petition. Debtor's response to the Involuntary Petition was due May 13, 2022. No lawyer or representative of Debtor has appeared as of the date hereof.

5. On May 23, 2022, the Court entered an Order for Relief (Doc. No. 21) under Chapter 11.

6. On May 25, 2022, Tandem Bank filed the Motion to Dismiss.

7. No counsel has appeared for Debtor in this bankruptcy case, and Debtor has not filed any schedules or pleadings in this bankruptcy case.

8. Tandem Bank holds a first priority security in all of Debtor's assets securing indebtedness in the principal amount of $600,000.00, plus pre-petition interest, post-petition interest, attorney's fees and charges as allowed by law, as evidenced by a Promissory Note (the "Note"), Business Loan Agreement (the "Loan Agreement"), and Security Agreement dated September 2, 2020 and UCC financing statement filed in the records of the Clerk of Superior Court of Dekalb County on September 14, 2020, as File No. 044-2020-004114 (the "UCC"). (The Note, Loan Agreement, Security Agreement, and UCC are collectively referred to herein as the "Loan Documents"). Tandem Bank's collateral includes Debtor's Cash Collateral.

9. Debtor has not filed a motion to use cash collateral and no request regarding the use of cash collateral has been received by Tandem Bank. Tandem Bank opposes the use of cash collateral.

10. Sun Court Partners, LP ("Sun Court"), landlord for the Office Premise, filed its *Motion for Relief from the Automatic Stay, for Rejection of the Lease* Nunc Pro Tunc *and for Abandonment of Any Property in the Premises* (Doc. No. 28) (the "Sun Court Stay Relief

Motion") and seeks to recover the Office Premises and have any remaining assets abandoned to Sun Court.

11. On June 8, 2022, Tandem Bank filed its (i) *Motion for Relief from the Automatic Stay* (Doc. No. 33) ("Tandem Stay Relief Motion"), and (C) *Motion Requesting Entry of Order Prohibiting Use of Cash Collateral* (Doc. No. 35) ("Cash Collateral Motion").

12. Upon information and belief, Jessica Mendoza, appeared on behalf of Debtor at the initial debtor interview conducted by the United States Trustee in this Bankruptcy Case and averred that Debtor began winding down operations upon the filing of the Involuntary Petition and laid off all employees in mid-May 2022.

13. Upon information and belief, all of Debtor's assets are fully encumbered by Tandem Bank's secured claim pursuant to the Loan Documents.

14. On Friday, June 3, 2022, a representative of Tandem Bank inspected the Office Premises, and the Office Premises had been vacated with the only remaining items being: (i) 3 – 5 cubicle office systems; (ii) 8 – 3 drawer cabinets which slide under the cubicle desks; (iii) 1 – 4 door credenza and (iv) 1 – office chair (collectively, the "Office Premises Contents"). Tandem Bank holds a first priority lien on the Office Premises Contents.

15. Tandem Bank's collateral is additionally located at the Mountain Industrial Premises.

16. Tandem Bank's collateral is not being protected and no fiduciary is managing this Bankruptcy Estate. Tandem Bank's collateral is likely dissipating.

17. The petitioning creditors have indicated they intend to oppose the Motion to Dismiss for reasons including the possible existence of avoidance actions against Debtor's insiders and others.

18. Tandem Bank supplements the Motion to seek the alternate relief of conversion to chapter 7 in the even the Court declined to dismiss the bankruptcy case.

**Relief Requested**

19. Tandem Bank's Motion to Dismiss specifically requested that the bankruptcy case be dismissed pursuant to 11 U.S.C. § 1112(b). Tandem Bank files this Supplement to seek the alternate relief of conversation to chapter 7, which is authorized by 11 U.S.C. § 1112(b) and therefore available for the Court's action pursuant to the Motion to Dismiss. Additionally, the Motion to Dismiss seeks "such other and further relief as this Court deems just and proper." Accordingly, the Court may convert the case pursuant to the Motion to Dismiss, but Tandem Bank files this Supplement for alternate relief out of an abundance of caution.

**STATUTORY PREDICATES**

20. Under Section 1112(b) of the Bankruptcy Code, a court "shall convert a case under [chapter 11] to a case under chapter 7 *or* dismiss a case under [chapter 11], whichever is in the best interest of creditors and the estate, for cause..." 11 U.S.C. § 1112(b); *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984); *In re Blunt*, 236 B.R. 861, 864 (Bankr. M.D. Fla. 1999).

21. Additionally, a court may act under 11 U.S.C. § 1112(b) *sua sponte* as necessary and appropriate under 11 U.S.C. § 105(a). *See In re A-1 Specialty Gasolines, Inc.*, 238 B.R. 876 *878 (Bankr. S.D. Fla. 1999) (collecting cases authorizing action under 1112(b) *sua sponte*).

22. A determination of cause is made by the court on a case-by-case basis. *See Albany Partners*, 749 F.2d at 674.

**Absence of a Reasonable Likelihood of Rehabilitation**

23. One such ground for cause exists where a party-in-interest shows that there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation". 11 U.S.C. § 1112(b)(4); *Preferred Door Co.*, 990 F.2d at 549; *Sullivan Cent. Plaza I*, 935 F.2d at 728. Courts have additionally found cause where no bankruptcy purpose would be served by the continuation of the case. *See In re Forum Health*, 444 B.R. 848, (Bankr. N.D. Ohio, 2011). Thus, the Court may convert the Debtor's Chapter 11

4

case where it is reasonably shown that the Debtor is unable to effectuate a plan or where there is no bankruptcy purposes served by continuation of the bankruptcy.

24. Inability to effectuate a plan arises when a debtor lacks the capacity to "formulate a plan or carry one out" or where the "core" for a workable plan of reorganization "does not exist." *See Preferred Door*, 990 F.2d at 549 (quoting *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989)) (inability to effectuate a plan arises where debtor lacks capacity to formulate a plan or carry one out); Blunt, 236 B.R. at 865 (cause found to dismiss debtor's case under Section 1112(b)(2) where "core" for a workable plan of reorganization found to be nonexistent). Such is the case here. Here, Debtor is not operating, there is no fiduciary managing the estate, the estate appears to be administratively insolvent, and there is no reasonable reorganization in prospect.

25. Additionally, Debtor ceased operating around the time of the filing of the Involuntary Petition and is not protecting the estate's assets. The Office Premises has been cleaned out, and the location of the previous contents of the same are unknown. Because there is a "substantial or continuing loss to the estate", cause exists for conversion of this case under 11 U.S.C. § 1112(b)(4)(A).

## CONCLUSION

WHEREFORE, Tandem Bank respectfully request that this Court enter an Order (a) dismissing the Debtor's Chapter 11 case under Section 1112(b) of the Bankruptcy Code, or, in the alternative converting the case to chapter 7 and (b) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 10th day of June, 2022.

**JONES & WALDEN LLC**
*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
Attorney for Tandem Bank
699 Piedmont Ave NE, Atlanta, Georgia 30308
(404) 564-9300
lpineyro@joneswalden.com

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>**ATLANTA LIGHT BULBS, INC.,**<br><br>Debtor. | **Chapter 11**<br><br>**Case No. 22-52950-pmb** |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing *Supplement to Motion to Dismiss Bankruptcy Case (Requesting Conversion to Chapter 7 as Alternative Relief)* (the "Supplement") using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the Motion to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **John C. Cannizzaro**   john.cannizzaro@icemiller.com
- **Thomas Dworschak**   thomas.w.dworschak@usdoj.gov, ltctommyd@aol.com
- **Kathleen G. Furr**   kfurr@bakerdonelson.com, lgoforth@bakerdonelson.com;ali.lowe@bakerdonelson.com
- **Ronald A. Levine**   rlevine@levineblock.com, rlevine682@gmail.com
- **Scott B. McMahan**   ecf@poolehuffman.com, scott@poolehuffman.com
- **Todd J Poole**   todd@poolehuffman.com
- **Todd H. Surden**   todd.surden@hartmansimons.com, deloris.person@hartmansimons.com
- **Jason M. Torf**   Jason.Torf@icemiller.com
- **Kristen A. Yadlosky**   kristen.yadlosky@hartmansimons.com, deloris.person@hartmansimons.com

I further certify that I have served a copy of the *Supplement* on the parties listed below via method indicated and on the parties listed on the attached mailing matrix via U.S. first-class mail, postage prepaid:

**Via Hand Delivery:**
Atlanta Light Bulbs, Inc.
Attn: Jeffrey Mangieri, Registered Agent
2 Ravinia Drive, Suite 1530
Atlanta, GA 30346

**Via Federal Express Overnight:**
Atlanta Light Bulbs, Inc.
Attn: Jessica Mendoza, CEO
2109 Mountain Industrial Blvd
Tucker, GA 30084

**Via Email:**
Worldwide Specialty Lamp, LLC
c/o Bryan Kaplan, Esq.
bk@kaplanlawga.com

**Via Email:**
American Express Travel Related Services Company, Inc.
c/o Zwicker & Associates, P.C.
bkproofofclaim@zwickerpc.com

**Via Email:**
CBC Lighting Inc.
c/o Bryan Kaplan, Esq.
bk@kaplanlawga.com

**Via Email:**
Fanlight Corporation, Inc.
c/o Simpson, Uchitel & Wilson, LLP
cwilson@suwllp.com

7

**Via Email:**
Hatch Transformers, Inc.
d/b/a Hatch Lighting
c/o Simpson, Uchitel & Wilson, LLP
cwilson@suwllp.com

This 10th day of June, 2022.

                          **JONES & WALDEN LLC**
                          */s/ Leslie M. Pineyro*
                          Leslie M. Pineyro
                          Georgia Bar No. 969800
                          Attorney for Tandem Bank
                          699 Piedmont Avenue, NE
                          Atlanta, Georgia 30308
                          (404) 564-9300
                          lpineyro@joneswalden.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113E-1<br>Case 22-52950-pmb<br>Northern District of Georgia<br>Atlanta<br>Fri Jun 10 13:38:44 EDT 2022 | American Express Travel Related Services Co.<br>c/o Zwicker and Associates, P.C.<br>Attorneys/Agents for Creditor<br>P.O. Box 9043<br>Andover, MA 01810-0943 | Atlanta Light Bulbs, Inc.<br>2109 Mountain Industrial Blvd<br>Tucker, GA 30084-5013 |
| Bryan Kaplan<br>6065 Roswell Road, Suite 540<br>Atlanta, GA 30328 | CBC Lighting Inc.<br>Kaplan Legal Services, LLC<br>6065 Roswell Road, Suite 540<br>Atlanta, GA 30328<br>atlanta, GA 30328-4038 | Candela Corporation<br>5600 Argosy Ave, Suite 300<br>Huntington Beach, CA 92649-1011 |
| Thomas Dworschak<br>Office of the U. S. Trustee<br>Room 362<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303-3330 | Fanlight Corporation, Inc.<br>c/o Simpson, Uchitel & Wilson, LLP<br>P.O. Box 550105<br>Atlanta, GA 30355-2605 | (p)FORD MOTOR CREDIT COMPANY<br>P O BOX 62180<br>COLORADO SPRINGS CO 80962-2180 |
| | Halco Lighting Technologies, LLC<br>2940 Pacific Drive<br>Norcross, GA 30071-1808 | Hatch Transformers, Inc., d/b/a Hatch Lighti<br>c/o Simpson, Uchitel & Wilson, LLP<br>P.O BOX 550105<br>Atlanta, GA 30355-2605 |
| Internal Revenue Service<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 | | |
| Norcross Electric Supply Company<br>4190 Capital View Drive<br>Suwanee, GA 30024-3979 | | |
| Michael D. Robl<br>Robl Law Group LLC<br>Suite 250<br>3754 LaVista Road<br>Tucker, GA 30084-5623 | Secretary of the Treasury<br>15th & Pennsylvania Avenue, NW<br>Washington, DC 20200 | |
| Jason M Torf<br>Tucker Ellis LLP<br>Suite 6950<br>233 S. Wacker Dr.<br>Chicago, IL 60606-9997 | Jason M. Torf<br>Ice Miller LLP<br>200 W. Madison Street<br>Suite 3500<br>Chicago, IL 60606-3417 | U. S. Securities and Exchange Commission<br>Office of Reorganization<br>Suite 900<br>950 East Paces Ferry Road, NE<br>Atlanta, GA 30326-1382 |
| United States Trustee<br>362 Richard Russell Federal Building<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303-3315 | Worldwide Specialty Lamp, LLC<br>c/o Bryan Kaplan, Esq.<br>6065 Roswell Road, Suite 540<br>Atlanta, GA 30328 | |

Case 22-52950-pmb    Doc 40    Filed 06/10/22    Entered 06/10/22 14:36:26    Desc Main
Document    Page 8 of 8