UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC. | : | CHAPTER 11 |
| | : | |
| Debtor. | : | JUDGE BAISIER |

**APPLICATION FOR APPROVAL OF EMPLOYMENT OF THE LAW OFFICES OF HENRY F. SEWELL, JR., LLC, AS COUNSEL FOR CHAPTER 11 TRUSTEE**

**COMES NOW,** S. Gregory Hays, Chapter 11 Trustee (the "**Trustee**") for the bankruptcy estate of Atlanta Light Bulbs, Inc., Debtor (the "**Debtor**") in the above captioned case (the "**Case**"), by and through counsel, and herewith files this *Application for Approval of Employment of the Law Offices of Henry F. Sewell, Jr., LLC, as Counsel for Chapter 11 Trustee* (the "**Application**") and shows as follows:

## JURSIDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested are section 327 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

3. On April 15, 2022, Halco Lighting Technologies, LLC, Norcross Electric Supply Company and Candela Corporation filed an involuntary petition for relief under Chapter 11 of Title 11 of the United States Code against Atlanta Light Bulbs, Inc. in the United States Bankruptcy Court for the Northern District of Georgia (the "**Court**").

4. On May 23, 2022, the Court entered an Order for Relief under Chapter 11 of the Bankruptcy Code [Doc. No. 21].

5. On June 15, 2022, the Court entered an order [Doc. No. 58] directing the appointment of a Chapter 11 Trustee on behalf of Debtor.

6. On June 17, 2022, the Court entered an order [Doc. No. 68] approving Trustee as Chapter 11 Trustee for Debtor.

7. To administer the Case in a proper, efficient, and economical manner, the Trustee shows that it is necessary to retain counsel. The Trustee wishes to employ the Law Offices of Henry F. Sewell, Jr., LLC (the "**Firm**") as general bankruptcy counsel in this Case.

8. Subject to further order of this Court, the Trustee anticipates that: a) the Firm will serve as the general bankruptcy counsel of the Trustee; and b) professional services by the Firm may include, but are not limited to, the following:

   a. Reviewing and preparing on behalf of the Trustee all pleadings, administrative and procedural applications, motions, answers, orders, reports and papers necessary to the administration of the estate of the Debtor and conducting examinations incidental to the administration of the bankruptcy estate;

   b. Advising the Trustee with respect to the powers and duties of the Trustee in the administration of the Case;

   c. Attending meetings and negotiating with representatives of creditors and other parties in interest and advise and consulting on the conduct of the Chapter 11 Case, including all of the legal and administrative requirements of business operations in Chapter 11;

2

  d. Taking necessary action to protect and preserve the estate of the Debtor, including the investigation and prosecution of actions on their behalf, including, but not limited to, actions under chapter 5 of the Bankruptcy Code, the defense of any actions commenced against the estate, negotiations concerning all litigation in which the Debtor may be involved and objections to claims filed against the estate of the Debtor;

  e. Reviewing and preparing on behalf of the Trustee all documents and agreements as they become necessary and desirable;

  f. Reviewing and objecting to claims, providing litigation services relating to claims objections and proceedings to determine the extent, validity and priority of liens, and analyzing, recommending, preparing, and pursuing any causes of action created under the Bankruptcy Code;

  g. Advising and assisting the Trustee in connection with any disposition of assets of the estate of the Debtor;

  h. Appearing before this Court, any appellate courts, and the U.S. Trustee, and protecting the interests of the estate of the Debtor before such courts and the U.S. Trustee; and

  i. Providing assistance to the Trustee as to any and all other action incident to the proper preservation and administration of the assets of the bankruptcy estate and performing all other necessary legal services and give all other necessary legal advice to the Trustee in connection with this Chapter 11 Case.

9. Subject to the approval of the Application by this Court, the Firm is willing to serve as counsel for the Trustee and perform the services described above.

3

10. Attached as **Exhibit A** and incorporated herein by reference is the Declaration of Henry F. Sewell, Jr. (the "**Sewell Declaration**") that is offered in support of this Application.

### REQUESTED RELIEF

11. By this Application, the Trustee requests that the Court enter an order, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), authorizing the Trustee to employ and retain the Firm as counsel.

### BASIS FOR RELIEF

12. Section 327(a) of the Bankruptcy Code authorizes the Trustee to retain one or more attorneys that do not hold or represent an interest adverse to the bankruptcy estate, and that are disinterested persons. The Trustee believes that: a) the services of the Firm are necessary to enable the Trustee to execute faithfully the duties of the Trustee; and b) the employment of the Firm is in the best interests of the Debtor, its estate, and its creditors.

13. The Trustee selected and seeks to retain the Firm as counsel because of the extensive experience and knowledge of the Firm in the fields of, *inter alia*, debtor and creditor rights, business reorganizations under chapter 11 of the Bankruptcy Code, and general corporate law. The attorneys at the Firm who will be employed in this Case are members in good standing in the courts in which they are admitted to practice. Accordingly, the Firm is well qualified to deal effectively with the potential legal issues and problems that may arise in the context of this Case.

14. To the best of the knowledge, information, and belief of the Trustee, the Firm does not—except to the extent otherwise indicated in the Sewell Declaration—hold or represent any interest adverse to the estate of the Debtor or its creditors. The Firm neither holds nor represents any interest materially adverse to the Debtor, or the estate of the Debtor and, except as set forth herein or in the Sewell Declaration, has had no dealings with the Debtor's creditors, equity security

4

holders or their counsel, except possibly incidental dealings with Debtor's creditors or their counsel in matters unrelated to this Case. Accordingly, the Trustee believes that the Firm is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and that the Firm does not hold or represent any interests adverse to the bankruptcy estate.

## COMPENSATION

15. The Trustee proposes to compensate the Firm for professional services rendered at its normal and customary hourly rates in effect from time to time, plus reimbursement of actual, necessary expenses incurred by the Firm on the behalf of the Debtor. The current hourly rate of Henry F. Sewell, Jr. is $400 per hour. The hourly rate for Eric Silva will be $300 per hour. The Firm will also seek reimbursement for necessary expenses incurred, which shall include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

16. The Firm intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

17. The Trustee believes that the Firm is qualified to represent the interests of the Trustee and the bankruptcy estate. The Firm will comply with all of the requirements of this Court, the Bankruptcy Code and the Bankruptcy Rules with respect to fee and expense applications of professionals employed by bankruptcy estate.

WHEREFORE, the Trustee requests that this Court enter an Order, substantially in the form as the proposed Order attached hereto as **Exhibit B**, granting this Application, authorizing the retention of the Firm and granting such other and further relief as may be just and proper.

Dated: June 24, 2022.

Respectfully submitted,

_____
*S. Gregory Hays, as Chapter 11 Trustee for Atlanta Light Bulbs., Inc.*

# EXHIBIT A

# (DECLARATION)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC. | : | CHAPTER 11 |
| | : | |
| Debtor. | : | JUDGE BAISIER |

## DECLARATION OF HENRY F. SEWELL, JR.

**COMES NOW,** Henry F. Sewell, Jr., who deposes and states as follows:

1. I am the sole member of the Law Offices of Henry F. Sewell, Jr., LLC (the "**Firm**"), which maintains an office at 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30305. I am an attorney at law, duly admitted and in good standing to practice in the state of Georgia, as well as in the United States District Court for the Northern District of Georgia and the United States Court of Appeals for the Eleventh Circuit. I have personal knowledge of the matters set out herein.

2. This Declaration is offered in support of the *Application for Approval of Employment of the Law Offices of Henry F. Sewell, Jr., LLC, as Counsel for Chapter 11 Trustee* (the "**Application**") filed by S. Gregory Hays, Chapter 11 Trustee (the "**Trustee**") for the bankruptcy estate of Atlanta Light Bulbs, Inc., Debtor (the "**Debtor**") in the above captioned case (the "**Case**").

3. Based on my review of the Master List of Creditors and other information contained on the docket in this case, the Firm does not have or represent any interest adverse to the Debtor or its estate or have any connections with Debtor, its creditors, any other party in interest, or their respective attorneys or accountants except that the Firm may have had incidental contact with creditors or other parties in interest or their respective attorneys or accountants in matters unrelated to this Case. Provided, however, that in preparation for the possibility of representing the Trustee

in this case, I participated in a phone call with S. Gregory Hays, Bill Jennings, Michael Robl and Jesse Root on June 16, 2022 to obtain background information about the case.

4. The Firm has not agreed to share any compensation or reimbursement awarded to the Firm under 11 U.S.C. §503(b) with any other person.

5. I have had substantial experience in bankruptcy matters, having practiced in this area since my admission to the State Bar of Georgia and commencement of my employment as a lawyer in 1986.

6. No members, associates or other professional employees of the Firm are related to any judge of the United States Bankruptcy Court for the Northern District of Georgia.

7. The employment of the Firm as counsel for the Trustee would be appropriate under 11 U.S.C. Section 327 and Bankruptcy Rules 2014 and 5002.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

This 24th day of June, 2022.

*/s/ Henry F. Sewell, Jr.*

Henry F. Sewell, Jr.

**EXHIBIT B**

**(PROPOSED ORDER)**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC. | : | CHAPTER 11 |
| | : | |
| Debtor. | : | |

**ORDER GRANTING THE APPLICATION FOR APPROVAL OF EMPLOYMENT OF THE LAW OFFICES OF HENRY F. SEWELL, JR., LLC, AS COUNSEL FOR CHAPTER 11 TRUSTEE SUBJECT TO OBJECTION**

Upon the *Application for Approval of Employment of the Law Offices of Henry F. Sewell, Jr., LLC, as Counsel for Chapter 11* (the "**Application**") (Docket No. ___)[1] filed by S. Gregory Hays, Chapter 11 Trustee (the "**Trustee**") for the bankruptcy estate of Atlanta Light Bulbs, Inc., Debtor (the "**Debtor**") in the above captioned case (the "**Case**") seeking the entry of an order (this "**Order**") authorizing the Trustee to retain and employ the Law Offices of Henry F. Sewell, Jr.,

---

[1] Capitalized, but undefined, terms herein shall have the meaning ascribed to such terms in the Application.

LLC (the "**Firm**") as bankruptcy counsel; and upon the Sewell Declaration, which is annexed to the Application as **Exhibit A**; and the Court being satisfied that: 1) the Firm represents no interest adverse to the estate of the Debtor; 2) the Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; and 3) the employment of the Firm is necessary and in the best interests of the Debtor and its estate; and due and sufficient notice of the Application having been given and no objections having been filed to the Application; and it appearing that no other or further notice or opportunity for a hearing need be provided; and this Court having determined that the relief requested in the Application is just and proper; and it appearing that the relief requested by the Application is in the best interest of the Debtor, its estate, its creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor; for good cause shown, it is hereby:

ORDERED, that the Application is GRANTED; and it is

FURTHER ORDERED, that the Trustee is authorized to retain and employ the Law Offices of Henry F. Sewell, Jr., LLC, in this Chapter 11 Case. The compensation to be paid to the Firm for professional services rendered and reimbursement for expenses incurred by the Firm shall be as determined by this Court upon proper application pursuant to the Bankruptcy Code; and it is

FINALLY ORDERED, that this Order is entered subject to written objection of the U.S. Trustee or any other party in interest within twenty-one (21) days from the date of entry of this Order. Any objection to this Order shall be served on the United States Trustee, Trustee, and proposed attorneys for the Trustee. If an objection is timely filed, then Trustee shall schedule a

hearing on the Application and such objection pursuant to the Court's open Calendar Procedures, and shall provide notice of such hearing to the United States Trustee and the objecting party.

### ***END OF DOCUMENT***

Prepared and Presented by:

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

PROPOSED COUNSEL FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the within and foregoing *Application for Approval of Employment of the Law Offices of Henry F. Sewell, Jr., LLC, as Counsel for Chapter 11 Trustee* was served via the Court's ECF system to all parties registered with the system who have filed appearances and requested notices and on the following persons or entities as set forth below:

Office of the United States Trustee
c/o Thomas Dworschak, Esq.
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
*Via email and ECF*

Dated: June 24, 2022.

           Respectfully submitted,

           LAW OFFICES OF HENRY F. SEWELL JR., LLC

           */s/ Henry F. Sewell, Jr.*
           Henry F. Sewell, Jr.
           Georgia Bar No. 636265
           Buckhead Centre
           2964 Peachtree Road NW, Suite 555
           Atlanta, GA 30305
           (404) 926-0053
           hsewell@sewellfirm.com

           PROPOSED COUNSEL FOR THE TRUSTEE