# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC. | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE BAISIER |

### APPLICATION FOR APPROVAL OF EMPLOYMENT OF THE LAW OFFICES OF HENRY F. SEWELL, JR., LLC, AS COUNSEL FOR CHAPTER 7 TRUSTEE

**COMES NOW,** S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Atlanta Light Bulbs, Inc., Debtor (the "**Debtor**") in the above captioned case (the "**Case**"), by and through counsel, and herewith files this *Application for Approval of Employment of the Law Offices of Henry F. Sewell, Jr., LLC, as Counsel for Chapter 7 Trustee* (the "**Application**") and shows as follows:

### JURSIDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested are section 327 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### BACKGROUND

3. On April 15, 2022, Halco Lighting Technologies, LLC, Norcross Electric Supply Company and Candela Corporation filed an involuntary petition for relief under Chapter 11 of Title 11 of the United States Code against Atlanta Light Bulbs, Inc. in the United States Bankruptcy Court for the Northern District of Georgia (the "**Court**").

4. On May 23, 2022, the Court entered an Order for Relief under Chapter 11 of the Bankruptcy Code [Doc. No. 21].

5. On June 15, 2022, the Court entered an order [Doc. No. 58] directing the appointment of a Chapter 11 Trustee on behalf of Debtor.

6. On June 17, 2022, the Court entered an order [Doc. No. 68] approving the Trustee as Chapter 11 Trustee for Debtor.

7. On June 30, 2022, the Court entered an order [Doc. No. 100] approving the employment of the Law Offices of Henry F. Sewell, Jr., LLC (the "**Firm**") as general bankruptcy counsel for the Trustee in the Chapter 11 Case.

8. On July 7, 2022, the Court entered an order [Doc. No. 109] converting the Case to Chapter 7 and directing the United States Trustee to appoint an interim Chapter 7 Trustee in the Case.

9. On July 7, 2022, the United States Trustee appointed S. Gregory Hays as the interim Trustee of the Debtor.

10. To administer the Case in a proper, efficient, and economical manner, the Trustee shows that it is necessary to retain counsel. The Trustee wishes to employ the Firm as general bankruptcy counsel in this Case.

11. Subject to further order of this Court, the Trustee anticipates that: a) the Firm will serve as the general bankruptcy counsel of the Trustee; and b) professional services by the Firm may include, but are not limited to, the following:

    a. Reviewing and preparing on behalf of the Trustee all pleadings, administrative and procedural applications, motions, answers, orders, reports and papers necessary to

the administration of the estate of the Debtor and conducting examinations incidental to the administration of the bankruptcy estate;

b. Advising the Trustee with respect to the powers and duties of the Trustee in the administration of the Case;

c. Attending meetings and negotiating with representatives of creditors and other parties in interest and advise and consulting on the conduct of the Case;

d. Taking necessary action to protect and preserve the estate of the Debtor, including the investigation and prosecution of actions on their behalf, including, but not limited to, actions under chapter 5 of the Bankruptcy Code, the defense of any actions commenced against the estate, negotiations concerning all litigation in which the Debtor may be involved and objections to claims filed against the estate of the Debtor;

e. Reviewing and preparing on behalf of the Trustee all documents and agreements as they become necessary and desirable;

f. Reviewing and objecting to claims, providing litigation services relating to claims objections and proceedings to determine the extent, validity and priority of liens, and analyzing, recommending, preparing, and pursuing any causes of action created under the Bankruptcy Code;

g. Advising and assisting the Trustee in connection with any disposition of assets of the estate of the Debtor;

h. Appearing before this Court, any appellate courts, and the U.S. Trustee, and protecting the interests of the estate of the Debtor before such courts and the U.S. Trustee; and

   i. Providing assistance to the Trustee as to any and all other action incident to the proper preservation and administration of the assets of the bankruptcy estate and performing all other necessary legal services and give all other necessary legal advice to the Trustee in connection with this Case.

12. Subject to the approval of the Application by this Court, the Firm is willing to serve as counsel for the Trustee and perform the services described above.

13. Attached as **Exhibit A** and incorporated herein by reference is the Declaration of Henry F. Sewell, Jr. (the "**Sewell Declaration**") that is offered in support of this Application.

## REQUESTED RELIEF

14. By this Application, the Trustee requests that the Court enter an order, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), authorizing the Trustee to employ and retain the Firm as counsel.

## BASIS FOR RELIEF

15. Section 327(a) of the Bankruptcy Code authorizes the Trustee to retain one or more attorneys that do not hold or represent an interest adverse to the bankruptcy estate, and that are disinterested persons. The Trustee believes that: a) the services of the Firm are necessary to enable the Trustee to execute faithfully the duties of the Trustee; and b) the employment of the Firm is in the best interests of the Debtor, its estate, and its creditors.

16. The Trustee selected and seeks to retain the Firm as counsel because of the extensive experience and knowledge of the Firm in the fields of, *inter alia*, debtor and creditor rights, bankruptcy, and general corporate law. The attorneys at the Firm who will be employed in this Case are members in good standing in the courts in which they are admitted to practice.

4

Accordingly, the Firm is well qualified to deal effectively with the potential legal issues and problems that may arise in the context of this Case.

17. To the best of the knowledge, information, and belief of the Trustee, the Firm does not—except to the extent otherwise indicated in the Sewell Declaration—hold or represent any interest adverse to the estate of the Debtor or its creditors. The Firm neither holds nor represents any interest materially adverse to the Debtor, or the estate of the Debtor and, except as set forth herein or in the Sewell Declaration, has had no dealings with the Debtor's creditors, equity security holders or their counsel, except possibly incidental dealings with Debtor's creditors or their counsel in matters unrelated to this Case. Accordingly, the Trustee believes that the Firm is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and that the Firm does not hold or represent any interests adverse to the bankruptcy estate.

## **COMPENSATION**

18. The Trustee proposes to compensate the Firm for professional services rendered at its normal and customary hourly rates in effect from time to time, plus reimbursement of actual, necessary expenses incurred by the Firm on the behalf of the Debtor. The current hourly rate of Henry F. Sewell, Jr. is $400 per hour. The hourly rate for Eric Silva will be $300 per hour. The Firm will also seek reimbursement for necessary expenses incurred, which shall include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

19. The Firm intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

20. The Trustee believes that the Firm is qualified to represent the interests of the Trustee and the bankruptcy estate. The Firm will comply with all of the requirements of this Court, the Bankruptcy Code and the Bankruptcy Rules with respect to fee and expense applications of professionals employed by bankruptcy estate.

WHEREFORE, the Trustee requests that this Court enter an Order, substantially in the form as the proposed Order attached hereto as **Exhibit B**, granting this Application, authorizing the retention of the Firm and granting such other and further relief as may be just and proper.

Dated: July 13, 2022.

        Respectfully submitted,

        */s/ S. Gregory Hays*
        S. Gregory Hays, as Chapter 7 Trustee for Atlanta Light Bulbs., Inc.

**EXHIBIT A**

**(DECLARATION)**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC. | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE BAISIER |

### DECLARATION OF HENRY F. SEWELL, JR.

**COMES NOW,** Henry F. Sewell, Jr., who deposes and states as follows:

1. I am the sole member of the Law Offices of Henry F. Sewell, Jr., LLC (the "**Firm**"), which maintains an office at 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30305. I am an attorney at law, duly admitted and in good standing to practice in the state of Georgia, as well as in the United States District Court for the Northern District of Georgia and the United States Court of Appeals for the Eleventh Circuit. I have personal knowledge of the matters set out herein.

2. This Declaration is offered in support of the *Application for Approval of Employment of the Law Offices of Henry F. Sewell, Jr., LLC, as Counsel for Chapter 7 Trustee* (the "**Application**") filed by S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Atlanta Light Bulbs, Inc., Debtor (the "**Debtor**") in the above captioned case (the "**Case**").

3. Based on my review of the Master List of Creditors provided to me by the Trustee, the Firm does not have or represent any interest adverse to the Debtor or its estate or have any connections with Debtor, its creditors, any other party in interest, or their respective attorneys or accountants except that the Firm: a) may have had incidental contact with creditors or other parties in interest or their respective attorneys or accountants in matters unrelated to this Case; and b) previously served as counsel for the Chapter 11 Trustee in the Chapter 11 Case.

4.  The Firm has not agreed to share any compensation or reimbursement awarded to the Firm under 11 U.S.C. §503(b) with any other person.

5.  I have had substantial experience in bankruptcy matters, having practiced in this area since my admission to the State Bar of Georgia and commencement of my employment as a lawyer in 1986.

6.  No members, associates or other professional employees of the Firm are related to any judge of the United States Bankruptcy Court for the Northern District of Georgia.

7.  No members, associates or other professional employees of the Firm have any connections with the United States Trustee or anyone employed in the Office of the United States Trustee.

8.  The employment of the Firm as counsel for the Trustee would be appropriate under 11 U.S.C. Section 327 and Bankruptcy Rules 2014 and 5002.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

This 13th day of July, 2022.

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.

2

**EXHIBIT B**

**(PROPOSED ORDER)**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | \| | CASE NO. 22-52950-PMB |
| | \| | |
| ATLANTA LIGHT BULBS, INC., | \| | CHAPTER 7 |
| | \| | |
| Debtor. | \| | JUDGE BAISIER |

**ORDER APPROVING**
**TRUSTEE'S COUNSEL SUBJECT TO OBJECTION (HOURLY FEE)**

S. Gregory Hays, Chapter 7 Trustee for the bankruptcy estate of the above-captioned debtor (the "Trustee") filed on July 13, 2022 (Docket No. __) an *Application to Employ* the Law Offices of Henry F. Sewell, Jr., LLC (the "Trustee's Counsel") as counsel for the Trustee in this case (the "Application") to represent the Trustee in carrying out the Trustee's duties. Trustee's Counsel will represent the Trustee on an hourly fee basis. No hearing is necessary on the Application. Based upon the affidavit included in the Application, it appears that Trustee's Counsel

does not hold or represent an interest adverse to the estate and is a disinterested person as defined by 11 U.S.C. § 101(14).

Subject to objection filed by the United States Trustee or any other party in interest in this case within twenty-one (21) days from the date of entry of this Order, it is hereby

Accordingly, it is hereby

1. ORDERED that, pursuant to 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014, the employment of Trustee's Counsel to represent the Trustee and the estate is hereby approved.[1]

2. No compensation shall be paid to Trustee's Counsel until the Court has allowed such compensation in accordance with 11 U.S.C. § 330 and 331 and FED. R. BANKR. P. 2016, after notice and a hearing on an appropriate application for compensation, copies of which shall be served on the Trustee and the United States Trustee.[2]

3. That counsel for the Trustee shall, within three (3) days of the entry of this Order, cause a copy of this Order to be served by first class mail, postage prepaid,[3] on the creditors listed in the creditor matrix in this Case, and shall file promptly thereafter a certificate of service confirming such service.

---

[1] Nothing in this order is intended to approve any specific services to be rendered or to make a determination as to whether such services constitute legal services or the fulfilment of the Trustee's duties. All such issues are reserved for resolution in connection with any applications for compensation filed in accordance with 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2016.

[2] See the United States Trustee Guidelines for Reviewing Applications for Compensation.

[3] First class mail service is not required if the recipient is a registered ECF user who has agreed to waive all other service in favor of ECF service pursuant to Bankruptcy Local Rule 5005-8, in which case ECF notification shall serve as the required service. The party certifying service should certify ECF service on such recipients.

4. Any objection to this Order shall be served on the United States Trustee, the Trustee, and Trustee's Counsel. If an objection is timely filed, the Trustee shall schedule a hearing on the Application and such objection pursuant to the Court's Open Calendar Procedures and shall provide notice of such hearing to the United States Trustee, Trustee's Counsel, and the objecting party.

[END OF DOCUMENT]

Prepared and presented by:

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

PROPOSED COUNSELFOR THE TRUSTEE

3

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the within and foregoing *Application for Approval of Employment of the Law Offices of Henry F. Sewell, Jr., LLC, as Counsel for Chapter 7 Trustee* was served via the Court's ECF system to all parties registered with the system who have filed appearances and requested notices

Dated: July 13, 2022.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

PROPOSED COUNSEL FOR THE TRUSTEE