**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE BAISIER |

**MOTION TO SET BAR DATE FOR GAP CLAIMS AND CHAPTER 11**
**ADMINISTRATIVE EXPENSE CLAIMS**

**COME NOW** S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy

estate (the "**Estate**") of Atlanta Light Bulbs, Inc., Debtor (the "**Debtor**") in the above captioned

case (the "**Case**"), by and through counsel, and hereby files this *Motion to Set Bar Date for Gap*

*Claims and Chapter 11 Administrative Expense Claims* (the "**Motion**") to request the entry of an

order establishing a bar date for the filing of a request for allowance and payment of Gap Claims

(as defined herein)[1] under 11 U.S.C. § 502(f) and administrative expense claims (the "**Chapter 11**

**Administrative Claims**") as defined in 11 U.S.C. § 503, including under 11 U.S.C. § 503(b)(9),

arising in the Chapter 11 Case of the Debtor other than with regard to requests by the Chapter 11

Trustee or by any professionals employed by the Chapter 11 Trustee or any person or entity who

has previously filed a request for the allowance or payment of all Gap Claims and Chapter 11

Administrative Claims. In support of this Motion, the Trustee respectfully represents as follows:

**JURISDICTION**

---

[1] As set forth in Paragraph 17 below, "**Gap Claims**" are claims arising in the ordinary
course of the Debtor's business or financial affairs on or after April 15, 2022, the date of
the involuntary petition, through May 22, 2022, the day before the entry of the order of
relief.  The gap period is April 15, 2022, through May 22, 2022 (the "**Gap Period**"). The
Chapter 11 Administrative Claims period commenced on May 23, 2022.

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The statutory and legal predicates for the relief sought herein are sections 105, 502(f), 503, and 507 of title 11 of the United States Code (the "**Bankruptcy Code**") and the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## **BACKGROUND**

3.      On April 15, 2022, Halco Lighting Technologies, LLC, Norcross Electric Supply Company and Candela Corporation filed an involuntary petition for relief under Chapter 11 of Title 11 of the United States Code against the Debtor in the United States Bankruptcy Court for the Northern District of Georgia (the "**Court**").

4.      On May 23, 2022, the Court entered an Order for Relief under Chapter 11 of the Bankruptcy Code [Doc. No. 21].

5.      On June 15, 2022, the Court entered an order [Doc. No. 58] directing the appointment of a Chapter 11 Trustee on behalf of Debtor.

6.      On June 17, 2022, the Court entered an order [Doc. No. 68] approving the Trustee as Chapter 11 Trustee for Debtor.

7.      On July 7, 2022, the Court entered an order [Doc. No. 109] converting the Bankruptcy Case to Chapter 7 and directing the United States Trustee to appoint an interim Chapter 7 Trustee in the Bankruptcy Case.

8.      The Chapter 11 Case herein lasted from May 23, 2022 to and through July 7, 2022.

9.      On July 7, 2022, the United States Trustee appointed S. Gregory Hays as the interim Trustee of the Debtor.

10.     The Trustee is in the process of recovering and liquidating the remaining assets of the Debtor and is aware that the Debtor may have incurred Gap Claims and administrative expenses during the Chapter 11 Case. In the interest of having the most complete information possible, the Trustee believes that fixing a bar date for Gap Claims and Chapter 11 Administrative Claims from the Chapter 11 Case is in the best interests of the Estate.

## **RELIEF REQUESTED**

11.     By this Motion, the Trustee respectfully requests the entry of an order—substantially in the form as the proposed Bar Order attached as **Exhibit A** hereto—pursuant to 11 U.S.C. §§ 105(a), 502(f), 503, and 507 establishing September 16, 2022 (the "**Chapter 11 Gap and Administrative Claims Bar Date**"), or such other date as the Court deems appropriate, as the last day by which all entities, except only for the Chapter 11 Trustee, any professionals employed by the Chapter 11 Trustee or any person or entity who has previously filed a request for the allowance or payment of all Gap Claims and Chapter 11 Administrative Claims, must file a request for allowance and payment of any Gap Claims pursuant to 11 U.S.C. § 502(f) or Chapter 11 Administrative Claims pursuant to 11 U.S.C. § 503 arising or occurring in or during the Chapter 11 Case.

12.     The Trustee also requests that the Court direct all holders of Gap Claims or Chapter 11 Administrative Claims, other than the Chapter 11 Trustee, any professionals employed by the Chapter 11Trustee, or any person or entity who has previously filed a request for the allowance or payment of all Gap Claims or a Chapter 11 Administrative Claims, to file requests for payment of such claims, including proper supporting documentation, with the Office of the Clerk at the U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW, Atlanta Georgia 30303, and upon the

undersigned counsel for the Trustee on or before the Chapter 11 Gap and Administrative Claims Bar Date.

13.     The Trustee requests that any party: a) required to file by the Chapter 11 Gap and Administrative Claims Bar Date a request for allowance and payment of any Gap Claims or Chapter 11 Administrative Claims in the Chapter 11 Case that fails to file such a request on or before the Chapter 11 Gap and Administrative Claims Bar Date; or b) that files, or has already filed, a proof of claim that includes an assertion of entitlement to any Gap Claims or Administrative Claims and fails to file a separate request for payment of such Gap Claims or Chapter 11 Administrative Claims on or before the Chapter 11 Gap and Administrative Claims Bar Date, be barred, estopped, and enjoined from asserting such Gap Claims and Chapter 11 Administrative Claims against the Estate of the Debtor and the Estate of the Debtor shall be forever discharged from any and all indebtedness, liability, or obligation with respect to such claim.

## **BASIS FOR RELIEF**

14.     In an involuntary case, gap claims arise "in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee and the order for relief shall be determined as of the date such claim arises, and shall be allowed under subsection (a), (b), or (c) . . . or disallowed under subsection (d) or (e) . . ., the same as if such claim had arisen before the date of the filing of the petition." *See* 11 U.S.C.A. § 502(f).

15.     "Since the estate does not pass to the trustee's hand during this interim period [between the date of the petition and the order of relief], no administrative expenses can begin to accrue. Such gap claims, if allowed, are entitled to treatment as if they were claims which had

arisen before the filing of the petition." *In re Mfr.'s Supply Co.*, 132 B.R. 127, 129 (Bankr. N.D. Ohio 1991).

16.     Section 507(a)(3) of the Bankruptcy Code affords third priority to unsecured gap claims allowed under 11 U.S.C. § 502(f).

17.     In this case, "**Gap Claims**" are claims arising in the ordinary course of the Debtor's business or financial affairs on or after April 15, 2022, the date of the involuntary petition, through May 22, 2022, the day before the entry of the order of relief.  The gap period is April 15, 2022, through May 22, 2022 (the "**Gap Period**"). The Chapter 11 Administrative Claims period commenced on May 23, 2022.

18.     No bar date for the filing of Gap Claims or Chapter 11 Administrative Claims has been set in the Chapter 11 Case. The facts of the Case justify setting a bar date for Gap Claims and Chapter 11 Administrative Claims since the Debtor is no longer operating and the Trustee is aware that the Estate may have incurred Gap Claims and Chapter 11 Administrative Claims during the Chapter 11 Case. The establishment of the Chapter 11 Gap and Administrative Claims Bar Date will assist in: a) winding down the Estate of the Debtor; b) determining the appropriate treatment of various creditors; c) determining the precise nature, extent, and scope of Gap Claims or Chapter 11 Administrative Claims asserted against the Estate; d) estimating the number and amount of Gap Claims or Chapter 11 Administrative Claims; and e) otherwise facilitating the administration of the Estate as Gap Claims or Chapter 11 Administrative Claims would need to be addressed to conclude the Case.

19.     The establishment of September 16, 2022, as the Chapter 11 Gap and Administrative Claims Bar Date will enable the Trustee to receive, process, and analyze Gap Claims and Chapter 11 Administrative Claims in a timely and efficient manner. The proposed Chapter 11 Gap and

Administrative Claims Bar Date will give creditors approximately 45 days to prepare and file requests for allowance of Gap Claims and Chapter 11 Administrative Claims.

20.     For the ease of creditors who may not have engaged counsel in the Case, the Trustee requests that: a) the Court approve the Chapter 11 Administrative Claim Form (the "**Administrative Claim Form**") attached as **Exhibit B** hereto and Gap Claim Form (the "**Gap Claim Form**") attached as **Exhibit C** hereto; and b) the Trustee be authorized to serve a copy of the Administrative Claim Form and Gap Claim Form (collectively, the "**Claim Forms**") along with the Bar Order to the known holders of Gap Claims or Chapter 11 Administrative Claims in the Chapter 11 Case and all other creditors and parties in interest who might assert Gap Claims or Chapter 11 Administrative Claims. The Claim Forms provide holders of Chapter 11 Administrative Claims with information necessary to submit their claims in the Case and will provide the Trustee with information to process said claims. The Claim Forms provide that claimants will file their claims with the Clerk of the Court.

21.     The Trustee reserves the right to: a) dispute any Gap Claims or Chapter 11 Administrative Claims for any reason; or b) assert offsets or defenses as to the nature, amount, liability, classification, or otherwise against any Gap Claims or Chapter 11 Administrative Claims that may be filed in the Case.

## NOTICE AND SERVICE PROCEDURES

22.     Notice of this Motion has been provided to the following parties, or in lieu thereof, to their counsel: a) the Office of the United States Trustee for the Northern District of Georgia; and b) parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trustee submits that such notice is sufficient and that no further notice is necessary.

23.     The requested service and notice procedures would preserve funds for the Estate, specifically with regard to minimizing the costs of mailing the Claim Forms to a substantial number of potential claimants.

WHEREFORE, the Trustee respectfully request the entry of an Order: (a) granting this Motion; (b) establishing a Chapter 11 Gap and Administrative Claims Bar Date of September 16, 2022, or such other date as the Court deems appropriate, for any claims, other than by the Chapter 11 Trustee, any professionals employed by the  Chapter 11 Trustee or any entity whose Gap Claims or Chapter 11 Administrative Claims has been previously allowed by a final order of the Court, as the deadline by which Gap Claims and Chapter 11 Administrative Claims must be filed; (c) approving the Claim Forms and the noticing procedures of the Trustee; and (d) granting such other and further relief as may be just and proper.

Dated: July 27, 2022.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | **:** | **CASE NO. 22-52950-PMB** |
| | **:** | |
| **ATLANTA LIGHT BULBS, INC.,** | **:** | **CHAPTER 7** |
| | **:** | |
| **Debtor.** | **:** | **JUDGE BAISIER** |

**ORDER AND NOTICE
ESTABLISHING BAR DATE FIXING TIME FOR FILING GAP CLAIMS AND
<u>CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS</u>**

S. Gregory Hays, Chapter 7 Trustee (the "**<u>Trustee</u>**") for the bankruptcy estate (the "**<u>Estate</u>**") of Atlanta Light Bulbs, Inc., Debtor (the "**<u>Debtor</u>**") in the above captioned case (the "**<u>Case</u>**") has filed a *Motion to Set Bar Date for Gap Claims and Chapter 11 Administrative Expense Claims* [Doc. No. _____] (the "**<u>Motion</u>**"). In the Motion, the Trustee requests the entry of an order establishing a bar date for the filing of a request for allowance and payment of Gap Claims under 11 U.S.C. § 502(f) or administrative expenses claims ("**<u>Chapter 11 Administrative Claims</u>**") as defined in 11 U.S.C. § 503, including under 11 U.S.C. § 503(b)(9), arising during the Chapter 11 Case herein. "**<u>Gap Claims</u>**" are claims arising in the ordinary course of the Debtor's business or

financial affairs on or after April 15, 2022, the date of the involuntary petition, through May 22, 2022, the day before the entry of the order of relief. Upon review of same, it is

ORDERED that the Motion be, and the same hereby is, **GRANTED** as follows, and it is

**ORDERED, Gap Claims are claims arising in the ordinary course of the Debtor's business or financial affairs on or after April 15, 2022, the date of the involuntary petition, through May 22, 2022, the day before the entry of the order of relief.**

**ORDERED, that Chapter 11 Administrative Claims are claims arising on or after May 23, 2022, the date of the involuntary petition, through July 6, 2022, the date prior to the date of conversion of this case to a Chapter 7 Case.**

**ORDERED AND NOTICE IS HEREBY GIVEN** that, other than the Chapter 11 Trustee, professionals of the Chapter 11 Trustee, or any person or entity who has previously filed a request for the allowance or payment of Gap Claims or Chapter 11 Administrative Claims, each creditor and party-in-interest who has or asserts any Gap Claims under 11 U.S.C. § 502(f) or Chapter 11 Administrative Claims against the Debtor pursuant to 11 U.S.C. § 503, including under 11 U.S.C. 503(b)(9), arising from the Chapter 11 Case herein **SHALL FILE A REQUEST FOR ALLOWANCE OF SUCH CLAIMS WITH:**

Clerk, United States Bankruptcy Court
Room 1340, Russell Federal Building
and United States Courthouse
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

on or before **September 16, 2022** (the "**Chapter 11 Gap and Administrative Claims Bar Date**"). A copy of the completed request should also be mailed to counsel for the Trustee at the following address: Law Offices of Henry F. Sewell, Jr., LLC, c/o Henry F. Sewell, Jr., Esq., Buckhead Centre, 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30305; it is further

**ORDERED AND NOTICE IS HEREBY GIVEN** that all requests for allowance of Gap Claims or Chapter 11 Administrative Claims addressed by this Order must be filed **no later than the Chapter 11 Gap and Administrative Claims Bar Date of September 16, 2022**. The Chapter 11 Gap and Administrative Claims Bar Date is the last day for a claimant, other than the Chapter 11 Trustee, any professionals of the Chapter 11 Trustee or any person or entity who has previously filed a request for the allowance or payment of all Gap Claims and Chapter 11 Administrative Claims to file a request for allowance of any Gap Claims under 11 U.S.C. § 502(f) or Chapter 11 Administrative Claims against the Estate or the Debtor under 11 U.S.C. § 503. To assert any Gap Claims or Chapter 11 Administrative Claims in the Case, claimants may use, as applicable, the Chapter 11 Administrative Claim Form attached as **Exhibit B** to the Motion (the "**Administrative Claim Form**") or the Gap Claim Form attached as **Exhibit C** to the Motion (the "**Gap Claim Form**" and collectively, the "**Claim Forms**"). The Claim Forms are approved; and it is

**ORDERED AND NOTICE IS HEREBY GIVEN THAT ANY CLAIMANT, OTHER THAN THE CHAPTER 11 TRUSTEE, ANY PROFESSIONALS OF THE CHAPTER 11 TRUSTEE, OR  ANY PERSON OR ENTITY WHO HAS PREVIOUSLY FILED A REQUEST FOR THE ALLOWANCE OR PAYMENT OF ALL GAP CLAIMS AND CHAPTER 11 ADMINISTRATIVE CLAIMS WHO DOES NOT FILE A REQUEST FOR ALLOWANCE OF ITS GAP CLAIMS AND CHAPTER 11 ADMINISTRATIVE CLAIMS BY THE CHAPTER 11 GAP AND ADMINISTRATIVE CLAIMS BAR DATE MAY BE FOREVER BARRED FROM ANY RECOVERY FOR ANY SUCH GAP CLAIMS AND CHAPTER 11 ADMINISTRATIVE CLAIMS; and it is**

**ORDERED AND NOTICE IS HEREBY GIVEN** that Counsel for the Trustee is directed to serve a copy of this Order and the Claim Forms on all known holders of Gap Claims or Chapter

11 Administrative Claims in the Chapter 11 Case and all other creditors and parties in interest who

might assert Gap Claims or Chapter 11 Administrative Claims against the Debtor, and on those

parties in interest listed on the matrix of creditors in the Case.

**\*\*\* END OF ORDER \*\*\***


Prepared and Presented By:
LAW OFFICES OF HENRY F. SEWELL JR., LLC

By: *_/s/ Henry F. Sewell, Jr._*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Law Offices of Henry F. Sewell, Jr., LLC
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
Counsel for the Chapter 7 Trustee

## <u>EXHIBIT B</u>

**Chapter 11 Administrative Claim Form**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | **CASE NO. 22-52950-PMB** |
| | : | |
| **ATLANTA LIGHT BULBS, INC.,** | : | **CHAPTER 7** |
| | : | |
| Debtor. | : | **JUDGE BAISIER** |

**REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE**
**EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503**

COMES NOW the claimant identified below and hereby requests the allowance of an administrative expense claim pursuant to Section 503 of the Bankruptcy Code, and hereby shows the following:

**Name of Claimant**: _____

**Address of Claimant**: _____

_____

_____

**Phone**: _____        **Email**: _____

**Amount of 11 U.S.C. § 503 Administrative Expense**: $_____

1.    The undersigned holds an administrative expense claim arising on or after May 23, 2022, through June 6, 2022, pursuant to 11 U.S.C. § 503 in the amount identified above against the Debtor in the Chapter 11 Case:_____

2.    The consideration for this debt (or ground for this liability) owed by the Debtor is as follows: _____
_____
_____
_____

3.    The administrative expense is entitled to administrative priority under 11 U.S.C. § 503(b) and 11 U.S.C. § 507(a)(2) because:_____
_____
_____
_____

4.      A copy of the writing (invoice, purchase order, lease agreement, etc.) on which the administrative expense is founded, if any, is attached hereto or cannot be attached for the reason set forth in the statement attached hereto.

5.      The amount of all payments on the administrative expense have been credited and deducted for the purpose of making this request.

6.      The undersigned is aware that under 18 U.S.C. §§ 152 and 3571, the penalty for presenting a fraudulent claim in a bankruptcy case includes a fine of up to $500,000 or imprisonment for up to five years, or both.

**WHEREFORE**, the undersigned requests that the Court allow the administrative expense or expenses requested herein, to be paid in accordance with the priorities set forth in the Bankruptcy Code and based upon availability of funds.

**YOU ARE ENCOURAGED TO CONSULT YOUR ATTORNEY REGARDING THE LAW, YOUR LEGAL RIGHTS, THE MEANING OF TERMS USED IN THE BANKRUPTCY CODE, THIS REQUEST FORM AND THE CHAPTER 11 GAP AND ADMINISTRATIVE CLAIMS BAR DATE NOTICE.**

Dated: _____

Name of Claimant:

_____

Signed:

_____

By (if appropriate):

_____

As Its (if appropriate):

_____

**INSTRUCTIONS:** Mail the completed form to: Clerk, United States Bankruptcy Court, Room 1340, Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, so as to be received no later than September 16, 2022. A copy of the completed form should also be mailed to counsel for the Trustee at: Law Offices of Henry F. Sewell, Jr., LLC, c/o Henry F. Sewell, Jr., Esq., Buckhead Centre, 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30305.

## <u>EXHIBIT C</u>

**Gap Claim Form**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| **ATLANTA LIGHT BULBS, INC.,** | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE BAISIER |

**REQUEST FOR ALLOWANCE AND PAYMENT OF GAP CLAIM**
**PURSUANT TO 11 U.S.C. § 502(f)**

COMES NOW the claimant identified below and hereby requests the allowance of a gap claim pursuant to Section 502(f) of the Bankruptcy Code, and hereby shows the following:

**Name of Claimant**: _____

**Address of Claimant**: _____

_____

_____

**Phone**: _____        **Email**: _____

**Amount of 11 U.S.C. § 502(f) Gap Claim**: $_____

1.    **The undersigned holds an "Gap Claim" arising in the ordinary course of the debtor's business or financial affairs on or after April 15, 2022, through May 22, 2022, pursuant to 11 U.S.C. § 502(f) in the amount identified above against the Debtor in the Chapter 11 Case**: _____

2.    The consideration for this debt (or ground for this liability) owed by the Debtor is as follows: _____
_____
_____
_____

3.    The Gap Claim is entitled to priority under 11 U.S.C. § 502(f) and 11 U.S.C. § 507(a)(3) because:_____
_____
_____
_____

4.    A copy of the writing (invoice, purchase order, lease agreement, etc.) on which the administrative expense is founded, if any, is attached hereto or cannot be attached for the reason set forth in the statement attached hereto.

5.      The amount of all payments on the gap claim have been credited and deducted for the purpose of making this request.

6.      The undersigned is aware that under 18 U.S.C. §§ 152 and 3571, the penalty for presenting a fraudulent claim in a bankruptcy case includes a fine of up to $500,000 or imprisonment for up to five years, or both.

**WHEREFORE**, the undersigned requests that the Court allow the gap claim requested herein, to be paid in accordance with the priorities set forth in the Bankruptcy Code and based upon availability of funds.

**YOU ARE ENCOURAGED TO CONSULT YOUR ATTORNEY REGARDING THE LAW, YOUR LEGAL RIGHTS, THE MEANING OF TERMS USED IN THE BANKRUPTCY CODE, THIS REQUEST FORM AND THE CHAPTER 11 GAP AND ADMINISTRATIVE CLAIMS BAR DATE NOTICE.**

Dated: _____

Name of Claimant:

_____

Signed:

_____

By (if appropriate):

_____

As Its (if appropriate):

_____

**INSTRUCTIONS:** Mail the completed form to: Clerk, United States Bankruptcy Court, Room 1340, Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, so as to be received no later than September 16, 2022. A copy of the completed form should also be mailed to counsel for the Trustee at: Law Offices of Henry F. Sewell, Jr., LLC, c/o Henry F. Sewell, Jr., Esq., Buckhead Centre, 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30305.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the *Motion to Set Bar Date for Gap Claims and Chapter 11 Administrative Expense Claims* was served: (a) via the United States Bankruptcy Court for the Northern District of Georgia's Electronic Case Filing System to all registered parties who have appeared in this Case; and (b) by United States Mail with adequate postage affixed thereon on the party set forth below:

Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303


Dated: July 27, 2022.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE