IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ATLANTA LIGHT BULBS, INC., | ) | CASE NO. 22-52950-PMB |
| | ) | |
| Debtor. | ) | JUDGE BAISIER |
| | ) | |

# NOTICE OF HEARING

PLEASE TAKE NOTICE that BREIT Stone Mountain Owner, LLC ("**BREIT**") has filed a *Motion to Approve Consent Order Lifting Automatic Stay* and related papers (the "**Motion**") with the Court seeking entry of a proposed Consent Order attached to the Motion as Exhibit A (the "**Consent Order**"), granting BREIT relief from the automatic stay with regard to certain real property formerly leased to the above-captioned Debtor.

PLEASE TAKE FURTHER NOTICE that the Court will hold an initial telephonic hearing for announcements on the Motion at the following number:  (toll-free number: 833-568-8864; meeting ID 161 706 9079, at **1:00 p.m. on November 7, 2022 in Courtroom 1202**, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing.  Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

Your rights may be affected by the court's ruling on these pleadings.  You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)  If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing.  You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so.  If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response.  Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing.  The address of the Clerk's Office is Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303.  You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the Motion cannot be held within thirty (30) days, BREIT waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to

a hearing on the earliest possible date.  BREIT consents to the automatic stay remaining in effect until the Court orders otherwise.

This 18th day of October, 2022.

                                              SCROGGINS & WILLIAMSON, P.C.

                                              By:  */s/ J. Robert Williamson*
                                                    J. ROBERT WILLIAMSON
                                                    Georgia Bar No. 765214
                                                    MATTHEW W. LEVIN
                                                    Georgia Bar No. 448270

                                            4401 Northside Parkway
                                            Suite 450
                                            Atlanta, GA 30327
                                            T: (404) 893-3880
                                            F: (404) 893-3886
                                            E: rwilliamson@swlawfirm.com
                                               mlevin@swlawfirm.com

                                            *Counsel for BREIT*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ATLANTA LIGHT BULBS, INC., | ) | CASE NO. 22-52950-PMB |
| | ) | |
| Debtor. | ) | JUDGE BAISIER |
| | ) | |

**MOTION TO APPROVE CONSENT ORDER LIFTING AUTOMATIC STAY**

COMES NOW BREIT Stone Mountain Owner, LLC ("**BREIT**"), former landlord to Atlanta Light Bulbs, Inc. (the "**Debtor**"), and, pursuant to Section 362(d) of Title 11, United States Code (the "**Bankruptcy Code**"), and Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and with the consent of the S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of the Debtor in the above captioned case (the "**Case**"), hereby moves the Court for entry of the proposed Consent Order attached hereto as Exhibit A (the "**Consent Order**"), granting BREIT relief from the automatic stay with regard to certain real property formerly leased to the Debtor. In support hereof, BREIT respectfully shows the Court as follows:

**Procedural Background**

1.

On April 15, 2022 (the "**Petition Date**"), several creditors of the Debtor filed an involuntary petition [Dkt. No. 1] (the "**Involuntary Petition**") against the Debtor under Chapter 11 of the Bankruptcy Code.

2.

On May 23, 2022, an Order for Relief Under Chapter 11 (the "**Order for Relief**") [Dkt No. 21] was entered. An official committee of unsecured creditors (the "**Committee**") was subsequently appointed [Dkt. No. 37].

3.

On June 13, 2022, the Committee filed a *Motion for Appointment of Chapter 11 Trustee* [Dkt. No. 51] (the "**Trustee Motion**"). On June 15, 2022, the Court granted the Trustee Motion [Dkt. No. 58].

4.

On June 17, 2022, the United States Trustee for Region 21 appointed S. Gregory Hays, (the "**Trustee**") to act as Chapter 11 Trustee for the Debtors' estates [Dkt. No. 66]. Subsequently, the Court then approved the appointment of the Trustee [Dkt. No. 68].

5.

On July 1, 2022, the Trustee filed an *Emergency Motion by Chapter 11 Trustee for an Order Converting the Chapter 11 Case of the Debtor to a Case Under Chapter 7 and Request for Expedited Hearing* [Dkt. No. 101] (the "**Motion to Convert**"). On July 7, 2022, the Court granted the Motion to Convert and converted the Case to one under Chapter 7 of the Bankruptcy Code [Dkt. No. 109]. The Trustee was thereafter appointed as the interim Chapter 7 Trustee [Dkt. No. 111]. Subsequent to the conclusion of the Section 341 meeting in the Chapter 7 case on August 16, 2022, the Trustee became the trustee in the Case. *See* 11 U.S.C § 702(d).

**Factual Background**

6.

Prior to the Petition Date, BREIT leased certain real property to the Debtor located at 2109 Mountain Ind Blvd, Tucker, GA 30084 (the "**Property**"), pursuant to that certain Lease Agreement dated July 31, 2013 by and between the Debtor and Gwinnett Industries, Inc., one of BREIT's predecessors in interest (as subsequently amended, the "**Lease**").  On July 6, 2016, the Debtor and SMIP TT, LLC, another of BREIT's predecessors in interest, entered into that certain First Amendment to Lease Agreement, extending the term of the Lease to February 28, 2022.

7.

On May 24, 2022 (subsequent to both the Petition Date and the Order for Relief), the Debtor purported to assign its interest in the Lease to Alliance Electrical Service LLC ("**Alliance**"), a Georgia limited liability company that BREIT now understands is somehow related to the Debtor's owners in some form.  At the time of the proposed assignment, BREIT was unaware of the Debtor's Case.  The Debtor never informed BREIT of the filing of the Involuntary Petition nor the entry of the Order for Relief.

8.

At the time of the purported assignment, BREIT and the Debtor had been in discussions regarding the proposed assignment and a subsequent further extension of the term of the Lease by way of a proposed Second Amendment with Alliance.  At that time, the Debtor was in default under the Lease and the amount owed to BREIT was approximately $78,612.98.  Under the proposed assignment and proposed Second Amendment, the Debtor's arrearages were to be settled by Alliance pursuant to a specified payment plan.  In furtherance of those discussions, BREIT consented to the assignment of the Lease to Alliance, but no firm agreement had been reached with

regard to the Second Amendment. Accordingly, the Debtor and/or Alliance has been occupying the Property on a month to month basis, given that the term of the Lease had expired on February 28, 2022.

9.

Several weeks later, on or about June 21, 2022, the Trustee reached out to BREIT by email and informed BREIT of the Debtor's Case, and also inquired as to the Lease, any related security deposit and whether BREIT held any claim against the Debtor. Prior to receiving the Trustee's email, BREIT was unaware of the Case.

10.

The Debtor has ceased operations and, upon information and belief, Alliance is not operating out of the Property currently and has abandoned same. Further, the Trustee has abandoned any personal property located in the Property. *See* Dkt. No. 123. Finally, it is BREIT's understanding that the Trustee does not intend to assume the Lease (to the extent it is even assumable, given that the term thereof expired about six months ago, prior to the Petition Date). As such, BREIT desires to take control and possession of the Property, but in order to do so, and out of an abundance of caution, needs to obtain relief from the automatic stay. As evidenced by the attached proposed Consent Order, the Trustee consents to such relief and agrees that BREIT should be able to retake possession of the Property. In consideration of the Trustee's cooperation, BREIT is willing to return to the estate 50% of the security deposit associated with the Lease.

**Jurisdiction**

11.

This Court has jurisdiction of this Motion pursuant to 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning

of 28 U.S.C. § 157(b)(2).  The statutory predicate for the relief requested is Bankruptcy Code Section 362(d) and Bankruptcy Rule 4001(d).

**Relief Requested**

12.

BREIT seeks relief from the automatic stay in order to retake possession immediately of the Property, and seeks entry of the attached Consent Order in order to do so.  BREIT further seeks approval of BREIT's return of 50% of the security deposit associated with the Lease to the Trustee, for the benefit of the Debtor's estate.

**Basis for Relief**

13.

Section 362 of the Bankruptcy Code provides, *inter alia*, that a creditor may not take any action to exercise possession or control of property of a bankruptcy estate.  Section 362(d)(1) provides that on request of a party in interest, the Court may grant relief from the automatic stay for cause shown.  Bankruptcy Rule 4001(d) provides that the Court may approve an agreement relating to relief from the automatic stay upon motion and notice.  If no objection is filed within fourteen (14) days of service of the motion, the Court may enter an order approving the agreement without conducting a hearing.

14.

As set forth in the attached Consent Order, the Trustee, on behalf of the Debtor's estate acknowledges that the Lease term has expired, that the Debtor's estate has no interest in assuming any month to month lease in effect at the time of the Petition Date, and therefore consents to relief

from the automatic stay in order to allow BREIT to retake possession of the Property immediately.[1] Accordingly, entry of the proposed Consent Order is appropriate.

## Notice

15.

Pursuant to Bankruptcy Rule 4001(d)(1)(C), BREIT will provide notice of this Motion and the proposed Consent Order to the Trustee, counsel for the Committee, counsel for the Debtor, Alliance and the U.S. Trustee.  BREIT submits that no further notice is necessary or required.

WHEREFORE, for the reasons stated above, BREIT respectfully requests that the Court enter the proposed Consent Order attached hereto as <u>Exhibit A</u>, and grant BREIT such other and further relief as may be appropriate.

This 18th day of October, 2022.

SCROGGINS & WILLIAMSON, P.C.

By: */s/ Matthew W. Levin*
      J. ROBERT WILLIAMSON
      Georgia Bar No. 765214
      MATTHEW W. LEVIN
      Georgia Bar No. 448270

4401 Northside Parkway
Suite 450
Atlanta, GA 30327
T: (404) 893-3880
F: (404) 893-3886
E: rwilliamson@swlawfirm.com
   mlevin@swlawfirm.com

*Counsel for BREIT*

---

[1] It should be noted that the proposed assignment of the Lease to Alliance is a nullity.  Actions taken in violation of the automatic stay are generally void in the 11th Circuit, unless special circumstances exist.  *See In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984).  *See also Kalb v. Feuerstein*, 308 U.S. 433, 443, 60 S. Ct. 343, 348 (1940).  None of those special circumstances exist in this Case, especially since BREIT was unaware of the Involuntary Petition and the Order for Relief at the time it executed the proposed assignment, whereas the Debtor was aware of the pendency of the Case, and was also presumably aware that it had no ability to dispose of potential property of the estate absent authority from this Court.  Accordingly, the proposed assignment is void.

# **EXHIBIT A**

**Proposed Consent Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ATLANTA LIGHT BULBS, INC., | ) | CASE NO. 22-52950-PMB |
| | ) | |
| Debtor. | ) | JUDGE BAISIER |
| | ) | |

**CONSENT ORDER GRANTING RELIEF FROM THE**
**AUTOMATIC STAY TO BREIT STONE MOUNTAIN OWNER, LLC**

THIS MATTER came before the Court to consider the *Motion to Approve Consent Order Lifting Automatic Stay* [Dkt. No. ___] (the "**Motion**") filed by BREIT Stone Mountain Owner, LLC ("**BREIT**"), former landlord to Atlanta Light Bulbs, Inc. (the "**Debtor**"), on October 18, 2022 and any objections thereto. It appears to the Court that it has jurisdiction over this proceeding; that this is a core proceeding; that S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of the Debtor in the above captioned case (the "**Case**") consents to the relief set forth in this Order; that based on representations of counsel as evidenced by their signatures shown below, that notice of the Motion was duly given pursuant to Fed. R. Bankr. P. 4001(d), no objections were filed thereto, and therefore no further notice or hearing is needed; and that the relief sought in the Motion is appropriate and that good and sufficient cause exists for such relief.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:

1. The Motion is GRANTED as set forth herein.

2. BREIT is hereby granted relief from the automatic stay pursuant to 11 U.S.C. § 362 for the purpose of retaking possession of the Property immediately, and BREIT is so authorized to

retake possession of the Property.[1]  The Trustee shall cooperate with BREIT as reasonably necessary to permit BREIT to retake possession of the Property and BREIT shall permit the Trustee to have access to the Property for purpose of inspecting the Property and its contents.

3. Given that the Lease expired on February 28, 2022, neither the Debtor, Alliance nor the Estate shall have any further interest in the Property, and the Lease is deemed terminated.

4. By agreement of the parties, the Trustee reserves the right to file an action against BREIT relating to amounts paid to BREIT for occupancy of the Property (the "**Avoidance Claim**").  In the event that the Trustee asserts an Avoidance Claim against BREIT, BREIT reserves its right to assert a gap claim under 11 U.S.C. § 502(f) and/or a Chapter 11 administrative claim under 11 U.S.C. § 503 in this case relating to amounts owed to BREIT with respect to the Estate's retention of the Property after April 15, 2022, and the administrative claims bar date in this case shall be automatically extended as to BREIT for a period of thirty (30) days following the Trustee filing any such Avoidance Claim.

5. Within fifteen (15) business days of the entry of this Consent Order, BREIT shall pay $3,583.33, representing 50% of the security deposit associated with the Lease, to the Trustee, for the benefit of the Estate.  BREIT shall be entitled to apply the remaining $3,583.33 of the security deposit to its prepetition claims against the Debtor.

6. The 14-day stay imposed by Fed. R. Bankr. P. 4001(a)(3) is hereby deemed waived.

**END OF DOCUMENT**

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

**Prepared and Presented by:**

SCROGGINS & WILLIAMSON, P.C.

By: */s/ Matthew W. Levin*
  J. ROBERT WILLIAMSON
  Georgia Bar No. 765214
  MATTHEW W. LEVIN
  Georgia Bar No. 448270

4401 Northside Parkway
Suite 450
Atlanta, GA 30327
T: (404) 893-3880
F: (404) 893-3886
E: rwilliamson@swlawfirm.com
 mlevin@swlawfirm.com

*Counsel for BREIT*

**Consented to by:**

LAW OFFICES OF HENRY F. SEWELL JR., LLC

By: */s/ Henry F. Sewell, Jr. (with express permission by Matthew W. Levin)*
  HENRY F. SEWELL, JR.
  Georgia Bar No. 636265

Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
T: (404) 926-0053
E: hsewell@sewellfirm.com

*Counsel for the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2022, I electronically filed the foregoing *Motion to Approve Consent Order Lifting Automatic Stay* and the *Notice Of Hearing* regarding same with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record. I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows:

Alliance Light Bulbs
P.O. Box 921369
Norcross, GA 30010

Alliance Electrical Services
2109 Mountain Industrial Blvd.
Tucker, GA 30084

Alliance Electrical Services
c/o Jeffrey Mangieri, Registered Agent
Two Ravinia Drive, Suite 1530
Atlanta, GA 30346

Alliance Electrical Services
c/o Robert Taitz
13104 Parkview Lane
Alpharetta, GA 30005

Alliance Electrical Services
c/o Robert Taitz
503 Branyan Trl.
Milton, GA 30004

A. Lee Fudger
P.O. Box 2012
Marietta, Georgia 30061-2012

This 18th day of October, 2022.

/s/ Matthew W. Levin
MATTHEW W. LEVIN
Georgia Bar No. 448270