**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: <br><br> ATLANTA LIGHT BULBS, INC. <br> Debtor, | CASE NO. 22-52950-PMB <br><br> CHAPTER 7 <br><br> JUDGE BAISIER |

**JESSICA MARIE MENDOZA'S MOTION FOR
RULE 2004 EXAMINATION OF JESSE ROOT**

Jessica Marie Mendoza ["Mendoza"], by and through undersigned counsel, hereby files this Motion for Rule 2004 Examination of Jesse Root ["Root"], showing the honorable Court as follows:

**PROCEDURAL POSTURE**

1. On April 15, 2022, Chapter 11 bankruptcy action 22-52950 was commenced through the filing of an involuntary petition filed by Debtor's creditors [Docket 1].

2. On May 23, 2022, an Order for Relief was filed [Docket 21].

3. On May 25, 2022, Tandem Bank (the Debtor's only secured creditor) filed a Motion to Dismiss the bankruptcy action [Docket 23].

4. On June 10, 2022, Jesse Root, a purported fifty percent (50%) shareholder of Debtor filed an objection to Tandem Bank's Motion to Dismiss [Docket 41-42]. Importantly, there is no evidence that Root is in fact a shareholder of Debtor. On or about October 1, 2021, Jesse Root executed a Transfer & Assignment ["Assignment"] assigning all ownership of his interest in the Debtor to Root Family Capital Legacy Trust dated December 29, 2010 [the "Trust"]. After providing the executed Assignment, Root later represented to Mendoza that he continued to be a shareholder of the Debtor.

1 | P a g e

As CEO of the Debtor, Mendoza relied on that representation, believing that the Trust had reconveyed the ownership interest to Root.  The Assignment itself was provided to the Trustee's office months ago.  As it currently stands, there are significant questions with respect to Root's continuing assertion of shareholder status.

5. On June 13, 2022, the Court held a hearing on the Motion to Dismiss wherein the Court heard from Jesse Root's counsel, as well as his expert witness William Jennings. After the hearing, the Court denied the Motion to Dismiss [Docket 57].  It is not clear what affect the Root opposition had on the Court's decision to deny the motion, but it is safe to say that it was substantial.  There is no evidence to suggest that Root apprised this Court of the Assignment.

6. On June 17, 2022, S. Gregory Hayes was appointed as Chapter 11 Trustee [Docket 66].

7. On July 1, 2022, the Trustee filed an emergency motion to convert the case to a Chapter 7 [Docket 101].

8. On July 7, 2022, the Court officially converted the case to a Chapter 7 [Docket 109].

9. On July 7, 2022, S. Gregory Hayes was appointed as Chapter 7 Trustee [Docket 111].

10. On September 2, 2022, an adversary proceeding was initiated against Mendoza and several additional parties in case number 22-05123 [the "Adversary Proceeding"]. [Docket 137].   Root is not a party to the Adversary Proceeding.

11. On September 22, 2022, Root filed a Motion for Rule 2004 Examination and Document Production of Jessica Mendoza [Docket 141].

12. On September 26, 2022, Root's motion was granted [Docket 148].

13. On October 6, 2022, Mendoza responded to the Adversary Proceeding advancing several defenses [Docket 4].

14. Mendoza's Answer apprised the Court of the controversy surrounding Root's share ownership. This appears to be the first time the issue was brought before the Court by any party—despite numerous filings by both Root and the Trustee.

15. Although Mendoza has provided testimony on behalf of the Debtor at multiple 341 hearings, Root has not provided any formal testimony in this bankruptcy action.

16. Moreover, while the Adversary Proceeding is authorized to obtain discovery from Mendoza in the normal course of the proceeding, the applicable bankruptcy rules do not provide the same for Root inasmuch as he is not a party.

17. While the Adversary Proceeding takes direct aim at Mendoza, it curiously does not seek any relief from Root.[1]

18. Mendoza is the single largest creditor of the Debtor. Accordingly, it is necessary and proper for Mendoza to conduct a Rule 2004 examination of Root to inquire into various actions undertaken by Root, as well as make inquiries with respect to whether or not Root is in fact a shareholder of the Debtor.

19. Mendoza seeks to take the 2004 examination at a mutually agreeable time and place.

---

[1] This issue is addressed at length in Mendoza's Answer to the Adversary Proceeding.

3 | P a g e

BASIS FOR RELIEF

20.   Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") provides, in pertinent part, that upon motion of any party in interest, the Court may order the examination of any entity.

21.   Root possesses information, not only related to the financial condition of the Debtor and its assets, but also critical information regarding the actual identity of the Debtor's shareholders.

22.   Accordingly, Mendoza respectfully requests that this Court enter an Order (i) authorizing a Rule 2004 examination at a mutual agreeable time and place.

Respectfully submitted this the 25th day of October, 2022.

**KAN CLARK LLP**

/s/ Aaron M. Clark
Aaron M. Clark
869 Virginia Circle NE
Atlanta, Georgia 30306
P: 404.291.5195
F: 404.393.0902
aclark@kanclarklaw.com

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing pleading using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the pleading to the following parties who have appeared in this case:

Shawn M. Christianson
schristianson@buchalter.com, cmcintire@buchalter.com

Thomas Dworschak on behalf of U.S. Trustee United States Trustee
thomas.w.dworschak@usdoj.gov, ltctommyd@aol.com

Kathleen G. Furr
kfurr@bakerdonelson.com,

S. Gregory Hays
ghays@haysconsulting.net, saskue@haysconsulting.net;GA32@ecfcbis.com

James C. Joedecke, Jr.
jjoedecke@atclawfirm.com, tswanson@atclawfirm.com

Matthew W. Levin
mlevin@swlawfirm.com,

Ronald A. Levine
rlevine@levineblock.com, rlevine682@gmail.com

Frank F. McGinn
ffm@bostonbusinesslaw.com, frankfmcginn@gmail.com

Scott B. McMahan
ecf@poolehuffman.com, scott@poolehuffman.com

Leslie M. Pineyro
lpineyro@joneswalden.com, jwdistribution@joneswalden.com; ljones@joneswalden.com; cmccord@joneswalden.com; arich@ joneswalden.com; ewooden@joneswalden.com

Todd J Poole
todd@poolehuffman.com

Michael D. Robl
michael@roblgroup.com,
max@roblgroup.com,lelena@roblgroup.com

Henry F. Sewell, Jr.
hsewell@sewellfirm.com, hsewell123@yahoo.com

Todd H. Surden
todd.surden@hartmansimons.com,
deloris.person@hartmansimons.com

Jason M Torf
jason.torf@tuckerellis.com

J. Robert Williamson
rwilliamson@swlawfirm.com

Kristen A. Yadlosky
deloris.person@hartmansimons.com

This the 25th day of October, 2022.

        **KAN CLARK LLP**

/s/ Aaron M. Clark
Aaron M. Clark
869 Virginia Circle NE
Atlanta, Georgia 30306
P: 404.291.5195
F: 404.393.0902
aclark@kanclarklaw.com