UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ATLANTA LIGHT BULBS, INC., | ) | CASE NO. 22-52950-PMB |
| | ) | |
| DEBTOR. | ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO FIRST AND FINAL APPLICATION FOR COMPENSATION FOR TUCKER ELLIS LLP, CREDITOR COMMITTEE ATTORNEY, FOR PERIOD: 6/10/2022 TO 7/7/2022**

Mary Ida Townson, United States Trustee for Region 21, files her objection to the *First and Final Application for Compensation for Tucker Ellis LLP, Creditor Committee Attorney, for period: 6/10/2022 to 7/7/2022* (the "Tucker Ellis Compensation Application") (Doc. No. 145). The United States Trustee contends the Tucker Ellis Compensation Application contains entries requesting compensation for professional services which were not reasonably likely to benefit the debtor's estate; were not reasonable because of the rates charged, or were not performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; or represented unnecessary duplication of services.

**I.   Procedural History**

1. This case was commenced on April 15, 2022 when attorney Jason M. Torf ("Torf") of Tucker Ellis LLP ("Tucker Ellis" or "Applicant") filed an involuntary chapter 11 petition against Atlanta Light Bulbs, Inc. ("Debtor") on behalf of Halco Lighting Technologies, LLC, Candela Corporation, and Norcross Electric Supply Company ("the Petitioning Creditors") (Doc. No. 1).

2. On May 23, 2022 the Court entered the Order for Relief Under Chapter 11 (Doc. No. 21).

3. On June 8, 2022, the United States Trustee filed an Appointment And Notice Of Appointment Of Committee Of Creditors Holding Unsecured Claims ("the Committee"), appointing the Petitioning Creditors to serve on the Committee (Doc. No. 37).

4. On June 10, 2022, Torf filed an Application For Order Authorizing And Approving Employment Of Tucker Ellis LLP As Counsel For The Official Committee Of Unsecured Creditors Of Atlanta Light Bulbs, Inc. *Nunc Pro Tunc* To June 10, 2022 (the "Tucker Ellis Employment Application") (Doc. No. 49).

5. The Tucker Ellis Employment Application stated that "[o]n June 10, 2022, the Committee selected Tucker Ellis as lead counsel and Baker Donelson as Georgia counsel." (Doc. No. 49, pg. 2.)

6. The Tucker Ellis Employment Application further stated that the "Committee contemplates that Tucker Ellis will provide the full range of services required to represent the Committee in the course of this chapter 11 case including:

(a) advising the Committee on all legal issues as they arise;

(b) representing and advising the Committee regarding the terms of any sales of assets or plans of reorganization or liquidation, and assisting the Committee in negotiations with the Debtor and other parties;

(c) investigating the Debtor's assets and pre-bankruptcy conduct, as well as the pre-bankruptcy conduct of the Debtor's officers, directors and holders of equity interests;

(d) analyzing the liens, claims and security interests of any of the Debtor's secured creditors, and where appropriate, raising challenges on behalf of the Committee;

(e) preparing, on behalf of the Committee, all necessary pleadings, reports, and other papers;

(f) representing and advising the Committee in all proceedings in these cases;

(g) assisting and advising the Committee in its administration; and

(h) providing such other services as are customarily provided by counsel to a creditors' committee in cases of this kind." (Doc. No. 49, pg. 3-4)

7. The Tucker Ellis Employment Application stated that the professionals expected to be primarily responsible for providing services to the Committee included Jason M. Torf – Partner ($610/hour), Brian J. Jackiw – Counsel ($475/hour), and Connor Doughty – Associate ($330/hour) (Doc. No. 49, pg. 4-5).

8. Included in the Tucker Ellis Employment Application was a June 10, 2022 letter from Tucker Ellis to the Committee which stated *inter alia* that Tucker Ellis "is being retained solely as counsel for the Committee and our representation pursuant to the terms of this letter does not encompass the representation of any other individual or any other entity, including the individual members of the Committee." (Doc. No. 49-2)

9. On June 13, 2022, Kathleen G. Furr, Esq. ("Furr") filed an Application for an Order Authorizing and Approving Employment of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC as Co-Counsel for The Official Committee of Unsecured Creditors of Atlanta Light Bulbs, Inc. (the "Baker Donelson Employment Application") (Doc. No. 50).

10. The Baker Donelson Employment Application stated that "the Committee contemplates that Baker Donelson will provide the full range of services required to represent the Committee in the course of this chapter 11 case including:

(a) advising the Committee on all legal issues as they arise;

3

(b) representing and advising the Committee regarding the terms of any sales of assets or plans of reorganization or liquidation, and assisting the Committee in negotiations with the Debtor and other parties;

(c) investigating the Debtor's assets and pre-bankruptcy conduct, as well as the pre-bankruptcy conduct of the Debtor's officers, directors and holders of equity interests;

(d) analyzing the liens, claims and security interests of any of the Debtor's secured creditors, and where appropriate, raising challenges on behalf of the Committee;

(e) preparing, on behalf of the Committee, all necessary pleadings, reports, and other papers;

(f) representing and advising the Committee in all proceedings in these cases;

(g) assisting and advising the Committee in its administration; and

(h) providing such other services as are customarily provided by counsel to a creditors' committee in cases of this kind." (Doc. No. 50, pg. 3-4)

11.  The Baker Donelson Employment Application stated that the professionals expected to be primarily responsible for providing services to the Committee as co-counsel included Kathleen G. Furr– Shareholder ($545/hour), Tim Colletti – Associate ($370/hour), and Locke Waldrop – Associate ($360/hour) (Doc. No. 50, pg. 4).

12.  Included in the Baker Donelson Employment Application was a June 10, 2022 letter from Baker Donelson to the Committee which stated *inter alia* that Baker Donelson "is being retained solely as counsel for the Committee and our representation pursuant to the terms of this letter does not encompass the representation of any other individual or any other entity, including the individual members of the Committee." (Doc. No. 50, pg. 18)

13. On June 15, 2022, the Court entered an order granting the Baker Donelson Employment Application (the "Baker Donelson Employment Application Order") (Doc. No. 55).

14. On June 22, 2022, the Court entered an order granting the Tucker Ellis Employment Application *(*the "Tucker Ellis Employment Application Order")  (Doc. No. 85).

15. On June 8, 2022, the Court scheduled a live in-court hearing for June 13, 2022 on four matters: Tandem Bank's Motion to Dismiss Case, Motion for Relief from Stay, and Motion Requesting Entry of Order Prohibiting Use of Cash Collateral (Doc. Nos. 23, 33, and 35); and Creditor Sun Court Partners' Motion For Relief From The Automatic Stay, For Rejection Of The Lease *Nunc Pro Tunc* And For Abandonment Of Any Property In The Premises Fee (collectively "the June 13 Hearing Motions") (Doc. No. 28).

16. On June 12, 2022, Furr filed two responses on behalf of The Committee to the June 13 Hearing Motions: an eighteen-page Objection to Motion to Dismiss Bankruptcy Case (Doc. No. 45), and a four-page Joinder in Response of Jesse Root to Motion of Tandem Bank for Relief from Stay (Doc. No. 46).

17. On June 13, 2022, the Court held a live in-court hearing on the June 13 Hearing Motions beginning at 1:20 p.m. At that time, the Court also heard the Committee's Motion for Appointment of Chapter 11 Trustee, which Furr had filed on behalf of the Committee at 11:20 a.m. on June 13, 2022 (the "Trustee Appointment Motion") (Doc. No. 51).

18. Both Torf and Furr appeared in person on behalf of the Committee at the June 13 hearing; Torf traveling from his Chicago office and Furr traveling from her Atlanta office.

19. On June 15, 2022 the Court entered an order granting the Trustee Appointment Motion  (Doc. No. 58).

20. On June 17, 2022, the Court entered an order approving the United States Trustee's Application for Order Approving Appointment of S. Gregory Hays ("Trustee Hays") as Chapter 11 Trustee (Doc. Nos. 67, 68).

21. On July 1, 2022, Henry F. Sewell Jr. ("Sewell") on behalf of Trustee Hays filed an Emergency Motion for an Order Converting the Chapter 11 Case of the Debtor to a Case under Chapter 7 and Request for Expedited Hearing "("the Emergency Conversion Motion") (Doc. No. 101).

22. In the Emergency Conversion Motion, Trustee Hays reported that the Debtor was "not currently an operating entity and has no employees, no equipment, no business location, no inventory and, most critically, no unencumbered cash [and] ceased operating on May 13, 2022" when all employees were terminated (Doc. No. 101, pg.2).

23. Trustee Hays further reported that "[a]t present, the Estate does not have sufficient funds to restart operations or pay ongoing Chapter 11 administrative expenses, including attorney's fees and U.S. Trustee fees." (Doc. No. 101, pg.3)

24.. On July 6, 2022, the Court held a virtual hearing on the Emergency Conversion Motion.

25. Both Furr and Torf appeared remotely at the July 6, 2022 virtual hearing on the Emergency Conversion Motion.

26. On July 7, 2022, the Court entered an Order granting the Emergency Conversion Motion, thus converting the case to chapter 7 and permanently dissolving the Committee as of that date (the "Emergency Conversion Motion Order") (Doc. No. 109).

27. On July 7, 2022, the United States Trustee appointed S. Gregory Hays interim chapter 7 trustee (Doc. Nos. 110, 111).

6

28. On July 27, 2022, Sewell on behalf of Trustee Hays filed a Motion To Set Bar Date For Gap Claims And Chapter 11 Administrative Expense Claims (the "Bar Date Motion") (Doc. No. 126)

29. On August 11, 2022, the Court entered an order granting the Bar Date Motion (Doc. No. 131).

30. On September 2, 2022, Sewell on behalf of Trustee Hays filed Adversary Case 22-05123, an adversary complaint against the Debtor's principal Jessica Marie Mendoza ("Mendoza") and others for fraudulent transfer, preference, turnover of property, and other avoidance actions and claims (the "Adversary Complaint").

31. Including six insider claims – five by Mendoza ($1,213,625.42) and one by Jesse Root ($708,027.30) – there are currently sixty-four filed proofs of claim totaling $7,575,254.16, with $2,669,210.06 of secured claims and $43,474.38 of priority claims.

32. Upon information and belief, the estate currently holds approximately $9,373.23 in cash, with the primary prospect for recovery of estate property being a successful resolution of the Adversary Complaint along with other possible avoidance actions and claims.

II.     **The Committee Compensation Applications**

33. Two applications for compensation have been filed in this case, both for firms representing the Committee (Doc. Nos. 138, 145).

34. On September 8, 2022, Furr filed the First And Final Application Of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. For Allowance Of Compensation For Professional Services Rendered And Reimbursement Of Expenses Incurred For The Period June 10, 2022 Through July 7, 2022, requesting a total of $18,653.97 for current professional services rendered ($18,624.50) and current disbursements ($29.47) (Doc. No. 138).

35. The Baker Donelson Compensation Application breaks down fees for professional services as follows:

| NAME | POSITION | RATE/HR | HOURS | AMOUNT |
|---|---|---|---|---|
| Leslie Goforth | Legal Secretary | $160.00 | 1.00 | $    160.00 |
| Katy Furr | Shareholder | $545.00 | 31.70 | $17,276.50 |
| Ali Lowe | Paralegal | $270.00 | 4.40 | $ 1,188.00 |
|  |  | **TOTAL** | **37.10** | **$18,624.50** |

36. On September 26, 2022, Furr filed on behalf of Tucker Ellis the First and Final Application for Compensation for Tucker Ellis LLP, Creditor Committee Attorney, for period: 6/10/2022 to 7/7/2022. Fee: $53,660.50 for legal services and expenses: $1,273.39 (the "Tucker Ellis Compensation Application") (Doc. No. 145).

37. The Tucker Ellis Compensation Application breaks down fees for professional services as follows:

| NAME | POSITION | RATE/HR | HOURS | AMOUNT |
|---|---|---|---|---|
| Jason M. Torf | Partner | $610.00 | 69.00 | $42,090.00 |
| Brian J. Jackiw | Counsel | $475.00 | 22.90 | $10,887.50 |
| Connor Doughty | Associate | $330.00 | 2.10 | $   693.00 |
|  |  | **TOTAL** | **94.0** | **$ 53,660.50** |

### a. Standard Of Fee Review

38. Both Employment Application Orders state "that compensation may be paid and expenses reimbursed to the Applicant only pursuant to an application filed and approved by this Court pursuant to 11 U.S.C. §§ 330, 331, Federal Rule of Bankruptcy Procedure 2016, the Local Rules, applicable orders of this Court, and the guidelines, practices and customs of the United States Trustee, unless the Court orders otherwise." (Doc. No. 55, pg. 2; Doc. No. 85, pg. 2)

39. The Bankruptcy Reform Act of 1994 amended the responsibilities of the United States Trustees under 28 U.S.C. § 586(a)(3)(A) to provide that, whenever they deem appropriate, United States Trustees will review applications for compensation and reimbursement of expenses under section 330 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, in accordance with procedural guidelines (the ''Guidelines'') adopted by the Executive Office for United States Trustees.

40. Recognizing that the final authority to award compensation and reimbursement under section 330 of the Code is vested in the Court, the Guidelines focus on the disclosure of information relevant to a proper award under the law and reflect standards and procedures articulated in Bankruptcy Code section 330 and Federal Rule of Bankruptcy Procedure 2016. *See* 28 C.F.R. § 58, Appx. A (2022).

41. In evaluating fees for professional services, it is relevant to consider various factors including the following: the time spent; the rates charged; whether the services were necessary to the administration of, or beneficial towards the completion of, the case at the time they were rendered; whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and whether compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases. 11 U.S.C. § 330.

42. Applications for compensation must set forth a detailed statement of the services rendered, time expended, expenses incurred, and amounts requested.  Fed. R. Bank. P. 2016(a).

43. The Applicant bears the burden of proof in all fee matters.  *In re Beverly Mfg. Corp.*, 841 F.2d 365, 371 (11th Cir. 1988).

44. The United States Trustee has identified in the Tucker Ellis Fee Compensation Application requests of compensation for professional services which were not reasonably likely

to benefit the debtor's estate; were not reasonable because of the rates charged, or were not performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; or represented unnecessary duplication of services.

      **b. Tucker Ellis Request For Compensation For Motion Drafting (Objection To Tandem Bank's Motion for Relief from Stay), Reviewing Trustee Election Rules, And Performing Untimely Professional Services**

45. "The court shall not allow compensation for services that were not reasonably likely to benefit the debtor's estate." 11 U.S.C. §330(a)(4)(A)(ii)(I).

      **i. Motion Drafting (Objection To Tandem Bank's Motion for Relief from Stay)**

46. Of the 69 hours partner Torf billed, 20.2 (29%) were for drafting motions:

*06/10/22*     Work on draft objection to Tandem Bank's motion to dismiss case (7.1); Work on draft objection to Tandem Bank's motion to modify stay (2.1)

*06/11/22*     Work on draft objection to Tandem Bank's motion to dismiss case (2.6); Work on draft objection to Tandem Bank's motion to modify stay (1.8)

*06/12/22*     Work on draft objection to Tandem Bank's motion to dismiss case (3.8); Work on draft objection to Tandem Bank's motion to modify stay (2.8)

Doc. No. 145, pg. 29.

47. Of the 20.2 hours Torf billed for drafting motions, 6.7 hours were for drafting an objection to Tandem Bank's Motion for Relief from Stay (the "Motion for Relief from Stay") (Doc No. 33).

48. Of the 22.9 hours counsel Brian J. Jackiw ("Jackiw") billed, none were for drafting motions on behalf of the Committee.

49. The Committee did not file an objection to the Motion for Relief from Stay. The only document the Committee filed in response to the Motion for Relief from Stay was a two-

10

paragraph Joinder (the "Joinder") which stated the Committee joined in the response of Jesse Root [Docket No. 42] and adopted and incorporated the factual and legal argument of that response (Doc No. 46, pg. 1).

50. The Baker Donelson Compensation Application contains a single entry for the Joinder: on June 12, 2022 Furr billed 0.3 hours for drafting Doc No. 46.[1]

51. Because drafting a motion which was never filed is not reasonably likely to benefit the debtor's estate, Tucker Ellis's request that it be compensated for the 6.7 hours Torf spent drafting an objection to the Motion for Relief from Stay should be disallowed in its entirety.

### ii.    Reviewing Trustee Election Rules

52. Tucker Ellis also requests compensation for 0.5 hours of Torf work at the $610 hourly partner rate for review and research of trustee elections:

*07/07/22*    Review rules re: trustee elections (.5)

Doc. No. 145, pg. 31.

53. "Counsel who are sufficiently experienced to appear before this Court are presumed to have an adequate background in the applicable law. While it is recognized that particular questions requiring research will arise from time to time, no fees will be allowed for general research on law which is well known to practitioners in the area of law involved." *In re Pettibone Corp.*, 74 B.R. 293, 303 (Bankr. N.D. Ill. 1987), *citing In re Cont'l Illinois Sec. Litig.,* 572 F. Supp. 931, 933 (N.D. Ill. 1983).

---

[1] Counsel for Baker Donaldson has clarified that the June 12, 2022 0.3 hour time entry in the Baker Donelson Compensation Application which reads "draft joinder to Jesse Root response to motion to dismiss" was inaccurate and should have read "draft Joinder to Jesse Root to Motion of Tandem Bank for Relief from Stay." Doc. No. 138, pg. 13.

11

54. Because Torf's review and research of trustee elections was not performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, Tucker Ellis's request that it be compensated for the 0.5 hours of Torf's work reviewing trustee elections rules should be disallowed in its entirety. 11 U.S.C. §330(a)(3)(D).

### iii.    Performing Untimely Professional Services

55. Tucker Ellis also requests compensation for 2.6 hours of Torf work at the $610 hourly partner rate for professional services performed on July 8, 2022:

> *07/08/22*    Attend (by Zoom) creditors' committee meeting (1.0); Call with J. Baas (committee member - Candela) re: update because he could not attend committee meeting (.4); Follow up with B. Jackiw re: case strategy (.3); Follow up with K. Furr re: same (.3); Research re: trustee election requirements (.6).

Doc. No. 145, pg. 31.

56. The Court's Emergency Conversion Motion Order, entered on the docket on July 7, 2022, stated that "this Case is hereby converted to a Case under Chapter 7 of the Bankruptcy Code effective as of date on which this Order is entered on the docket by this Court." (Doc. No. 109)

57. A creditors' committee "permanently dissolves when the Chapter 11 proceeding is dismissed or converted to a Chapter 7 action." *In re Parks Jaggers Aerospace Co.,* 129 B.R. 265, 268 (M.D. Fla. 1991).

58. Because performing professional services for a permanently dissolved creditors' committee is not reasonably likely to benefit the debtor's estate, Tucker Ellis's request that it be compensated for the 2.6 hours Torf worked on July 8, 2022 should be disallowed in its entirety.

59. These three changes result in a reduction of $5,978.00 in Tucker Ellis's requested compensation ($610 x 9.8).

### c. Tucker Ellis Request For Compensation For Motion Drafting At $610 Hourly Partner Rate (Objection To Motion To Dismiss Bankruptcy Case)

60. The position of the individual providing the services is a key factor courts evaluate when determining the value of the services provided. "We review fee applications paying particular attention to the level of professional (senior partner, junior partner, associate, paraprofessional) billing time *viz a viz* the complexity of the task being performed." *In re Jefsaba, Inc.,* 172 B.R. 786, 796 (Bankr. E.D. Pa. 1994).

61. On June 12, 2022, the Committee filed an eighteen-page Objection to the Motion to Dismiss Bankruptcy Case (the "Objection to Motion to Dismiss") (Doc. No. 45).

62. Of the 20.2 hours Torf billed at the $610 hourly partner rate for drafting motions, 13.5 hours were for drafting the Objection to Motion to Dismiss:

*06/10/22*    Work on draft objection to Tandem Bank's motion to dismiss case (7.1)

*06/11/22*    Work on draft objection to Tandem Bank's motion to dismiss case (2.6)

*06/12/22*    Work on draft objection to Tandem Bank's motion to dismiss case (3.8)

Doc. No. 145, pg. 29.

63. While Tucker Ellis partner Torf billed 13.5 hours at the $610 hourly partner rate for drafting the Objection to Motion to Dismiss, Tucker Ellis counsel Jackiw (hourly rate $475) billed no time for drafting this or any other pleading on behalf of the Committee.

64. In the Baker Donelson Compensation Application, of Furr's 31.70 billed hours, 3.5 hours at the $545 shareholder hourly rate were for drafting the Objection to Motion to Dismiss:

13

| | |
|---|---|
| *06/10/22* | brief review of supplement to motion to dismiss (.2); draft objection to motion to dismiss (2.6) |
| *06/11/22* | Further revise objection to motion to dismiss (.2) |
| *06/12/22* | Review and further revise Objection to Motion to Dismiss and outline service requirements re: same (.5) |

Doc. No. 138, pg. 13.

65.     "In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--

(A) the time spent on such services [and]

(B) the rates charged for such services."

11 U.S.C. § 330(a)(3)(A), (B).

66.     While this pleading was beneficial to the estate, the compensation requested is not reasonable because the rates charged were excessive. The Objection to Motion to Dismiss is eighteen pages in length: nine pages of facts, seven pages of law and argument, and two pages of boilerplate.  The legal position the Committee advocated was neither novel nor complicated. "It is unreasonable for a senior attorney to perform routine tasks such as preparing a debtor's schedules and statements, drafting a simple motion, or coordinating exhibits for a trial. These are tasks that a junior associate or even a paralegal can adequately perform."  172 B.R. at 797.  *See also In re Pettibone Corp.*, 74 B.R. 293, 303 (Bankr. N.D. Ill. 1987) ("Senior partner rates will be paid only for work that warrants the attention of a senior partner. A senior partner who spends time reviewing documents or doing research a beginning associate could do will be paid at the rate of a beginning associate.")

67. Any compensation awarded to Tucker Ellis for drafting the Objection to Motion to Dismiss should be at the counsel rate of $475 an hour, not the partner rate of $610 an hour.

68. Changing the hourly billing rate for the Objection to Motion to Dismiss results in a $1,822.50 reduction of Tucker Ellis's requested compensation ($135 x 13.5).

### d. Applicants' Duplicative Time For Document Drafting And Hearing Attendance

69. "[T]he court shall not allow compensation for unnecessary duplication of services." 11 U.S.C. § 330(a)(4)(A)(i). It is therefore incumbent upon the Applicant to satisfactorily demonstrate that its efforts independently have value for the estate and are not merely redundant of another's work.

70. Both Tucker Ellis and Baker Donelson are seeking compensation for representing the same client, the Committee. And both Tucker Ellis and Baker Donelson are performing the exact same scope of work for that client (Doc. No. 49, pg. 3-4; Doc. No. 50, pg. 3-4).

71. This complete overlap of client identity and duties performed is problematic where both Applicants are requesting compensation for performing identical professional services.

72. Both Applicants request that all compensation for drafting the Objection to Motion to Dismiss as well as attending the June 13 and July 6 hearings be paid at the partner $610/shareholder $545 hourly rate.

73  As discussed at paragraph 62, *supra*, Tucker Ellis seeks compensation for 13.5 hours or work for drafting the Objection to Motion to Dismiss.

74. Baker Donelson seeks compensation for 3.5 hours of work for drafting the same motion:

> *06/10/22*    brief review of supplement to motion to dismiss (.2); draft objection to motion to dismiss (2.6)

15

*06/11/22*    Further revise objection to motion to dismiss (.2)

*06/12/22*    Review and further revise Objection to Motion to Dismiss and outline service requirements re: same (.5)

Doc. No. 138, pg. 13.

75.    As stated at para 66 *supra,* any compensation paid to either Applicant for drafting the Objection to Motion to Dismiss should be at the lower $475 associate/$310 counsel hourly rate, not the $545 shareholder/$610 partner hourly rate.

76.    Similarly, both Applicants request compensation for having a senior attorney attend the June 13, 2022 hearing in person, and the July 6, 2022 hearing remotely.

77.    For these two hearings, Baker Donelson requests compensation for 8.4 hours of hearing attendance at the $545 hourly shareholder rate:

*06/13/22*    attend omnibus hearing on motion to dismiss, motions for stay relief, and motion to prohibit cash collateral (6.8)

*07/06/22*    Attend virtual hearing on motion to convert case to chapter 7 (1.6)

Doc. No. 138, pg. 13, 16.

78.    For these same two hearings, Tucker Ellis requests compensation for 9.5 hours of hearing appearance at the $610 hourly partner rate: [2]

*06/13/22*    Appear at hearing (6.0)

*07/06/22*    Appear (by Zoom) at hearing on Chapter 11 Trustee's Motion to Convert Case to Chapter 7 (3.5)

Doc. No. 145, pg. 30-31.

---

[2] Tucker Ellis also requests compensation for 11.7 hours at the $610 hourly partner rate for travel to and from Atlanta for the June 13, 2022 hearing. Doc. No. 145, pg. 29-30.

16

79. When multiple attorneys make a court appearance, professional fees are only awarded to those attorneys who can establish that their attendance was beneficial to the estate. 11 U.S.C. § 330(a)(3)(C). *See In re Jefsaba Inc.,* 172 B.R. 786, 801 (Bankr. E.D. Pa. 1994) ("when more than one professional attends a hearing . . . we expect all of the professionals attending to have a role"); *In re Jensen-Farley Pictures, Inc.,* 47 B.R. 557, 583 (Bankr. D. Utah 1985) ("[w]hen more than one attorney attends a hearing, unless each actively participates, no fee or a reduced fee should be sought for non-participating counsel").

80. "Unless the magnitude of a case demands it, the attendance of additional counsel representing the same interests as counsel actually conducting the litigation is wasteful and should not be included in a request for counsel fees." *In re Atomica Design Grp., Inc.,* 591 B.R. 217, 242 (Bankr. E.D. Pa. 2018).

81. Absent a showing of benefit to the estate of having both Committee senior attorneys draft the Objection to Motion to Dismiss as well as attend the June 13 and July 6 hearings, the compensation requested by each Applicant for these activities should be reduced:

*Baker Donelson overlapping compensation request*

| | |
|---|---:|
| 3.5 hours for objection drafting | $ 1,907.50 |
| 6.8 hours for June 13 hearing attendance | $ 3,706.00 |
| 1.6 hours for July 6 hearing attendance | $    872.00 |
| Baker Donelson subtotal (11.9 x $545) | $ 6,485.50 |

*Tucker Ellis overlapping compensation request*

| | |
|---|---:|
| 13.5 hours for objection drafting | $ 8,235.00 |
| 6.0 hours for June 13 hearing attendance | $ 3,660.00 |
| 11.7 hours for travel to/from Chicago/Atlanta for June 13 hearing | $ 7,137.00 |
| Travel expenses incurred for June 13 hearing attendance | $ 1,273.39 |
| 3.5 hours for July 6 hearing attendance | $ 2,135.00 |
| Tucker Ellis subtotal (34.7 x $610 + $1,273.39) | $22,440.39 |

**Total Committee counsel compensation request for overlapping services:**     **$28,925.89**

WHEREFORE, the United States Trustee respectfully requests that the Court deny at least $7,800.50 of Applicant's requested compensation and for such other relief as the Court deems appropriate under the circumstances.

Dated: November 1, 2022

MARY IDA TOWNSON
UNITED STATES TRUSTEE
REGION 21

*/s/ Thomas W. Dworschak*
Thomas W. Dworschak
Attorney for the United States Trustee
Georgia Bar No. 236380
United States Department of Justice
Office of the United States Trustee
Suite 362, Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
(404) 331-4439
Thomas.W.Dworschak@USDOJ.gov

## CERTIFICATE OF SERVICE

This is to certify that I have on November 1, 2022 electronically filed the foregoing *UNITED STATES TRUSTEE'S OBJECTION TO FIRST AND FINAL APPLICATION FOR COMPENSATION FOR TUCKER ELLIS LLP, CREDITOR COMMITTEE ATTORNEY, FOR PERIOD: 6/10/2022 TO 7/7/2022* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case filing program:

| | |
|---|---|
| Ronald A. Levine<br>rlevine@levineblock.com | Leslie M. Pineyro<br>lpineyro@joneswalden.com |
| Scott B. McMahan<br>ecf@poolehuffman.com | Todd J Poole<br>todd@poolehuffman.com |

| | |
|---|---|
| Michael D. Robl<br>michael@roblgroup.com | Frank F. McGinn<br>ffm@bostonbusinesslaw.com |
| Todd H. Surden<br>todd.surden@hartmansimons.com | Jacqueline M. Price<br>jmp@bostonbusinesslaw.com |
| Kristen A. Yadlosky<br>kristen.yadlosky@hartmansimons.com | Shawn M. Christianson<br>schristianson@buchalter.com |
| Kathleen G. Furr<br>kfurr@bakerdonelson.com | Elizabeth Barger Rose<br>Elizabeth@caiolarose.com |
| Jason M Torf<br>jason.torf@tuckerellis.com | Matthew W. Levin<br>mlevin@swlawfirm.com |
| Henry F. Sewell, Jr.<br>hsewell@sewellfirm.com | J. Robert Williamson<br>rwilliamson@swlawfirm.com |
| S. Gregory Hays<br>ghays@haysconsulting.net | |

I further certify that on November 1, 2022 I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following party at the address shown:

Atlanta Light Bulbs, Inc.
2109 Mountain Industrial Blvd
Tucker, GA 30084

*/s/ Thomas W. Dworschak*