

**IT IS ORDERED as set forth below:**

**Date: November 17, 2022**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE BAISIER |

**ORDER AWARDING FIRST AND FINAL COMPENSATION TO
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES INCURRED AS LOCAL COUNSEL FOR THE COMMITTEE**

This Matter came before the Court on the (i) *First and Final Application of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period June 10, 2022 Through July 7, 2022* (Docket No. 138)(the "Fee Application") filed on September 8, 2022 by Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. (the "Applicant") in the above-captioned bankruptcy case (the "Case"),[1] and (ii) the *United States Trustee's Objection to First and Final*

---

[1] This case was initially commenced as an involuntary Chapter 11 case by three (3) petitioning creditors (the "Petitioning Creditors") on April 15, 2022. Jason Torf of Tucker Ellis LLP represented the Petitioning Creditors as primary counsel in this effort with the assistance of the Applicant.

*Application of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period June 10, 2022 Through July 7, 2022* (Docket No. 163)(the "Objection"), filed by the United States Trustee (the "UST") on November 1, 2022.  In the Fee Application, the Applicant seeks[2] $18,624.50 for services rendered and $29.47 for expenses incurred in its service as local counsel for the Official Committee of Unsecured Creditors (the "Committee")[3] in this case.

A hearing was held on the Fee Application on November 7, 2022 (the "Hearing"), at which Kathleen G. Furr appeared on behalf of the Applicant, and Jason Torf appeared for Tucker Ellis LLP.[4]  Thomas Dworschak appeared as attorney for the UST, and Henry Sewell appeared as counsel for S. Gregory Hays, the duly appointed Chapter 7 Trustee in this case (the "Trustee"). The Applicant and Tucker Ellis LLP appeared in support of the Application.  The UST and the Trustee had objections.  In the Objection, the UST raised the following objections to the fees and expenses sought by the Applicant:

1) The UST objects to $926.50 billed by Ms. Furr for legal research;

2) The UST objects to Ms. Furr, as opposed to her associate Tim Colletti, drafting a motion to bring a computer into the courthouse ($52.50);

---

[2] The Applicant seeks this relief pursuant to 11 U.S.C. §§ 330 & 331 and Federal Rule of Bankruptcy Procedure 2016.

[3] On June 8, 2022, the Petitioning Creditors were appointed to the Committee by the UST (*see* Docket No. 37).  This case was converted to a case under Chapter 7 on July 7, 2022 (Docket No. 109).

[4] Tucker Ellis served as primary counsel for both the Petitioning Creditors and the Committee.  Its fee application was heard at the same time as the Application and is addressed by separate Order.

2

3) The UST objects to Ms. Furr, as opposed to her associate Mr. Colletti, drafting and revising an objection to a motion to dismiss filed by the secured creditor ($612.50);[5] and

4) The UST objects, without putting a figure to it, to duplicative time having been spent by the Applicant and the primary counsel for the Committee, Mr. Torf, all at partner/shareholder rates. More specifically, the UST complains that both Ms. Furr and Mr. Torf spent time drafting and revising the objection to the motion to dismiss, and both attended the two main hearings in the case, in person in Atlanta on June 13, 2022 (primarily on a motion to dismiss) and virtually on July 6, 2022 (on the motion to convert).

The Court concurs with the UST on the first three (3) items. That results in a reduction in the requested fees of $1,591.50. This is the amount identified by the UST in the Objection as the specific reduction it sought and is consistent with the voluntary reduction proferred by Ms. Furr at the Hearing.

As to the final item, the Court does not have concerns with the two (2) principal lawyers for the Committee attending both hearings. They were primary and local counsel, and the two hearings were the most important in the case. The Court has already addressed the excess time spent by the Applicant on the objection to the motion to dismiss above and will address any excess time spent by Tucker Ellis LLP in the Order on its fee application. The Court will make a modest additional adjustment to the fees requested here ($436) for the June 13 hearing, since the Tucker Ellis application requests only 6.0 hours (or 0.8 hours less) for that same hearing, and the Court's

---

[5] The UST says this difference is $665. The UST arrives at that figure by multiplying the difference in rates ($175) by 3.8, but the time entries the UST identified in this part of the Objection only show 3.5 hours. Further, use the $612.50 figure results in the total objections equaling the total objection stated by the UST in its request for relief.

3

records reflect that the hearing itself, including the calendar call, lasted only slightly more than four (4) hours.

Based upon the Fee Application, the entire record of this Case, for the reasons set forth above, and for good cause shown, it is hereby

**ORDERED** that the Fee Application is hereby **GRANTED IN PART AND DENIED IN PART** as follows; and it is further

**ORDERED** that the Applicant is allowed and awarded final compensation for its service as local counsel for the Committee in this case in the amount of **$16,597.00** for professional services and **$29.47** for expenses, for a total of **$16,626.47**; and it is further

**ORDERED** that the Trustee shall pay the Applicant the foregoing amounts if, to the extent, and at such time as, in his reasonable judgment, there are adequate assets in the Chapter 7 estate to pay Chapter 11 administrative claims.

### END OF ORDER ###

## DISTRIBUTION LIST

Kathleen G. Furr
Baker Donelson Bearman Caldwell & Berkowitz, PC
3414 Peachtree Road, N.E., Suite 1500
Atlanta, Georgia 30326

Jason M. Torf
Tucker Ellis LLP
Suite 6950
233 S. Wacker Dr.
Chicago, IL 60606-9997

Thomas W. Dworschak
Attorney for the United States Trustee
United States Department of Justice
Office of the United States Trustee
Suite 362, Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Henry F. Sewell, Jr.
Law Offices of Henry F. Sewell, Jr., LLC
Suite 555
2964 Peachtree Road, NW
Atlanta, GA 30305