

**IT IS ORDERED as set forth below:**

**Date: November 17, 2022**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE BAISIER |

### ORDER AWARDING FIRST AND FINAL COMPENSATION TO
### TUCKER ELLIS LLP FOR PROFESSIONAL SERVICES RENDERED AND
### REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL FOR COMMITTEE

This Matter came before the Court on the (i) *First and Final Application of Tucker Ellis LLP for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period June 10, 2022 Through July 7, 2022* (Docket No. 145)(the "Fee Application") filed on September 26, 2022 by Tucker Ellis LLP (the "Applicant") in the above-captioned bankruptcy case (the "Case"),[1] and (ii) the *United States Trustee's Objection to First and Final Application of Tucker Ellis LLP for Allowance of Compensation for Professional*

---

[1] This case was initially commenced as an involuntary Chapter 11 case by three (3) petitioning creditors (the "Petitioning Creditors") on April 15, 2022. The Applicant represented the Petitioning Creditors as primary counsel in this effort with the assistance of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.

*Services Rendered and Reimbursement of Expenses Incurred for the Period June 10, 2022 Through July 7, 2022* (Docket No. 164)(the "Objection"), filed by the United States Trustee (the "UST") on November 1, 2022. In the Fee Application, the Applicant seeks[2] $53,660.50 for services rendered and $1,273.39 for expenses incurred in its service as counsel for the Official Committee of Unsecured Creditors (the "Committee")[3] in this case.

A hearing was held on the Fee Application on November 7, 2022 (the "Hearing"), at which Kathleen G. Furr appeared on behalf of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.[4] and Jason Torf appeared for the Applicant. Thomas Dworschak appeared as attorney for the UST, and Henry Sewell appeared as counsel for S. Gregory Hays, the duly appointed Chapter 7 Trustee in this case (the "Trustee"). The Applicant and Baker, Donelson appeared in support of the Application. The UST and the Trustee had objections. In the Objection, the UST raised the following objections to the fees sought by the Applicant:

1) The UST objects to $4,087 billed by Mr. Torf for drafting a response to motion for relief from stay filed by Tandem Bank, because no such response was ever filed;

2) The UST objects to $305 billed by Mr. Torf for reviewing the rules regarding trustee elections;

3) The UST objects to $1,586 billed by Mr. Torf for work done the day after the case was converted to Chapter 7;[5]

---

[2] The Applicant seeks this relief pursuant to 11 U.S.C. §§ 330 & 331 and Federal Rule of Bankruptcy Procedure 2016.

[3] On June 8, 2022, the Petitioning Creditors were appointed to the Committee by the UST (*see* Docket No. 37). This case was converted to a case under Chapter 7 on July 7, 2022 (Docket No. 109).

[4] Baker Donelson served as local counsel for both the Petitioning Creditors and the Committee. Its fee application was heard at the same time as the Application and is addressed by separate Order.

[5] Mr. Torf conceded at the Hearing that the Applicant was not entitled to recover for this time.

    4) The UST objects to Mr. Torf, rather than his counsel Mr. Jackiw, drafting the objection to the motion to dismiss ($135 difference in rate times 13.5 hours = $1,822.50); and

    5) The UST objects, without putting a figure to it, to duplicative time having been spent by the Applicant and the local counsel for the Committee, Ms. Furr, all at partner/shareholder rates. More specifically, the UST complains that both Ms. Furr and Mr. Torf spent time drafting and revising the objection to the motion to dismiss, and both attended the two main hearings in the case, in person in Atlanta on June 13, 2022, and virtually on July 6, 2022.

As to the first item, the fact that the pleading was never filed is relevant to its value. However, because the ultimate fate of the pleading was likely not apparent when drafting commenced, it does not seem that the drafting of the pleading necessarily rendered no value to the estate. The requested fees will be instead reduced by a third, or $1,350, to reflect this objection. The objections described in items 2 and 3 above are well taken, and the requested fees are reduced by an additional $1,891.

As to item 4, the Court does agree with the UST that the entirety of this endeavor should not have fallen to Mr. Torf. Rather, one of the members of the team with a lower rate should have been tasked to do the initial drafting, with Mr. Torf providing review and oversight. Making the reasonable assumption that the relevant time should have been spent roughly 1/2 on drafting and 1/2 on review and revision, the Court will reduce the requested fee by $900.

As to the final item, the Court does not have concerns with the two (2) principal lawyers for the Committee attending both hearings. They were primary and local counsel, and the two hearings were the most important in the case. The Court has already addressed any excess time spent by the Applicant on the objection to the motion to dismiss above and will address any excess

3

time spent by Baker Donelson in the Order on its fee application. The Court will make a modest additional adjustment to the fees requested here ($1,159) for the July 6 hearing, since the Baker Donelson application requests only 1.6 hours (or 1.9 hours less) for that same hearing, and the Court's records reflect that the hearing itself, including the hearing and the announcement of the decision, lasted only slightly more than an hour and half.

The Trustee also voiced objections to the fees requested by the Applicant. In addition to supporting the objections set forth in the Objection, the Trustee also expressed concerns regarding certain of the strategy and requests for relief made by the Committee (advised by the Applicant) in the case.

Based upon the Fee Application, the entire record of this Case, for the reasons set forth above, and for good cause shown, it is hereby

**ORDERED** that the Fee Application is **GRANTED IN PART AND DENIED IN PART** as follows; and it is further

**ORDERED** that the Applicant is allowed and awarded final compensation for its service as counsel for the Committee in this case in the amount of **$48,360.50** for professional services and **$1,273.39** for expenses, for a total of **$49,633.89**; and it is further

**ORDERED** that the Trustee shall pay the Applicant the foregoing amounts if, to the extent, and at such time as, in his reasonable judgment, there are adequate assets in the Chapter 7 estate to pay Chapter 11 administrative claims.

### **END OF ORDER** ###

## DISTRIBUTION LIST

Kathleen G. Furr
Baker Donelson Bearman Caldwell & Berkowitz, PC
3414 Peachtree Road, N.E., Suite 1500
Atlanta, Georgia 30326

Jason M. Torf
Tucker Ellis LLP
Suite 6950
233 S. Wacker Dr.
Chicago, IL 60606-9997

Thomas W. Dworschak
Attorney for the United States Trustee
United States Department of Justice
Office of the United States Trustee
Suite 362, Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Henry F. Sewell, Jr.
Law Offices of Henry F. Sewell, Jr., LLC
Suite 555
2964 Peachtree Road, NW
Atlanta, GA 30305