## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC., | : | CHAPTER 7 |
| | : | |
| _____Debtor._____ | : | JUDGE BAISIER |
| S. GREGORY HAYS, AS CHAPTER 7 | : | |
| TRUSTEE FOR ATLANTA LIGHT | : | |
| BULBS, INC., DEBTOR, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 23-05043-pmb |
| | : | |
| OSRAM SYLVANIA INC., | : | |
| | : | |
| _____Defendant._____ | : | |

### NOTICE OF HEARING ON MOTION TO APPROVE COMPROMISE AND
### SETTLEMENT BETWEEN TRUSTEE AND OSRAM SYLVANIA INC.

**PLEASE TAKE NOTICE THAT** S. Gregory Hays, chapter 7 trustee (the "**Trustee**") for the Estate (the "**Estate**") of Atlanta Light Bulbs, Inc., Debtor ("**Debtor**") in Bankruptcy Case No. 22-52950 (the "**Bankruptcy Case**"), has filed a *Motion to Approve Compromise and Settlement Between Trustee and OSRAM Sylvania Inc.* (the "**Motion**") and related papers with the Court seeking an order approving a settlement between the Estate and OSRAM Sylvania Inc. ("**Sylvania**"). The Motion is on file with the Clerk of the Court at the address set forth below and is available for review at the office of the Clerk, U.S. Bankruptcy Court between 8:00 a.m. and 4:00 p.m. or online anytime at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users).

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing (the "**Hearing**") to consider the Motion at **1:10 p.m.** on the **5th day of September, 2023,** in Courtroom 1202, Richard B. Russell Federal Building and U.S. Courthouse, 75 Ted Turner Drive, S.W. Atlanta, Georgia 30303, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

Your rights may be affected by the Court's ruling on the Motion. You should read the Motion carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views, then you and/or your attorney should attend the Hearing. You may also file a written response to the Motion with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the Hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive Street, SW, Atlanta, Georgia 30303. You should also mail a copy of your response to the undersigned at the addresses stated below.

**NOTICE IS HEREBY GIVEN THIS 9th day of August, 2023.**

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
*Counsel for S. Gregory Hays, as Chapter 7 Trustee for the Estate of Atlanta Light Bulb, LLC, Debtor*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE BAISIER |
| S. GREGORY HAYS, AS CHAPTER 7 | : | |
| TRUSTEE FOR ATLANTA LIGHT | : | |
| BULBS, INC., DEBTOR, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 23-05043-pmb |
| | : | |
| OSRAM SYLVANIA INC., | : | |
| | : | |
| Defendant. | : | |

**MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN TRUSTEE**
**AND OSRAM SYLVANIA INC.**

S. Gregory Hays, chapter 7 trustee (the "**Trustee**") for the Estate (the "**Estate**") of Atlanta

Light Bulbs, Inc., Debtor ("**Debtor**") in Bankruptcy Case No. 22-52950 (the "**Bankruptcy Case**"),

by and through counsel, hereby files, pursuant to 11 U.S.C. § 105 and Rule 9019 of the Federal

Rules of Bankruptcy Procedure, this *Motion to Approve Compromise and Settlement Between*

*Trustee and OSRAM Sylvania Inc.* (the "**Motion**") to request the entry of an order approving a

settlement between the Trustee and OSRAM Sylvania Inc. ("**Sylvania**"). In support thereof, the

Trustee respectfully states as follows:

**BACKGROUND**

1.      The Court has jurisdiction over the subject matter herein and the parties hereto

pursuant to 28 U.S.C. § 1334, along with other related statutes and rules.

2.      This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

3.      Halco Lighting Technologies, LLC, Norcross Electric Supply Company and Candela Corporation filed an involuntary petition against the Debtor for relief under Chapter 11 of Title 11 of the United States Code.

4.      On May 23, 2022, the Court entered an Order for Relief under Chapter 11 of the Bankruptcy Code [Doc. No. 21]. On July 7, 2022, the Court entered an order [Doc. No. 109] converting the Bankruptcy Case to Chapter 7 and directing the United States Trustee to appoint an interim Chapter 7 Trustee in the Bankruptcy Case.

5.      On July 7, 2022, the United States Trustee appointed S. Gregory Hays as the interim Trustee of the Debtor. S. Gregory Hays is the duly appointed and acting permanent Chapter 7 Trustee in the Bankruptcy Case.

6.      After an investigation by the Trustee determined that the Estate had certain claims against Sylvania, the Trustee initiated Adversary Proceeding No. 23−05043−pmb (the "**Adversary Proceeding**") to seek the avoidance and recovery of transfers under Sections 544, 547, 550, and 551 of the Bankruptcy Code (collectively, the "**Estate Claims**").

7.      Sylvania denied any liability in the Adversary Proceeding and asserted various defenses to the Estate Claims.

8.      In order to avoid the cost and uncertainty of further litigation, the Trustee and Sylvania negotiated in good faith in an attempt to reach an agreement and compromise regarding their respective positions in the Adversary Proceeding.

## **TERMS OF COMPROMISE AND SETTLEMENT**

9.      After significant arms-length negotiations, the Parties desire to settle, upon the terms set forth herein, all disputes, claims, issues and controversies between and among Parties related to the Estate Claims, subject to notice, hearing and Court approval, pursuant to the

agreements and terms set forth in the Settlement Agreement attached as **Exhibit "A"** hereto (the "**Settlement**").

10.     As a result of Settlement, the Trustee and Sylvania seek court approval of the Settlement Agreement that constitutes, *inter alia*, a full and final compromise of the claims asserted in the Adversary Proceeding.

11.     The Settlement Agreement is subject to approval by the Court sought in this Motion.

12.     In short, the terms of the Settlement Agreement are that Sylvania shall pay the Trustee a one-time payment of Forty-Five Thousand Dollars ($45,000) (the "**Settlement Payment**") by causing the Settlement Payment to be delivered to the Trustee on or before thirty (30) days after the date that the Court enters an order approving the Settlement Agreement (the "**Approval Order**") in exchange for an allowed claim under 11 U.S.C. § 502(h) and mutual releases by the Estate and Trustee. Within ten (10) days following the Approval Order becoming a final and non-appealable order and the Trustee receiving the Settlement Payment, the Trustee shall file a notice of dismissal of the Adversary Proceeding.

13.     Any conflict between the Settlement Agreement and the averments of this Motion are intended to be construed as provided in the Settlement Agreement, which is attached as **Exhibit "A"** hereto.

## **BASIS FOR RELIEF**

14.     Rule 9019 authorizes a bankruptcy court to approve compromise and settlements at its discretion based on the particular circumstances of the case. "When invoked as a guide to judicial action, it means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and

directed by the reason and conscience of the judge to a just result." *See Langnes v. Green*, 282 U.S. 531, 541, 51 S. Ct. 243, 247, 75 L. Ed. 520 (1931) (noting that the term discretion "denotes the absence of a hard and fast rule).

15.     When deciding whether to approve a proposed settlement, the bankruptcy courts generally consider the following: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) complexity of the litigation involved; (d) the expense, inconvenience, and delay necessarily attending the litigation, including the possibility that denial of the settlement will cause assets of the estate to be depleted; and (e) the paramount interest of the creditors and a proper deference to their reasonable views. *See Wallis v. Justice Oaks, II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990). The Trustee believes that the Settlement is reasonable and in the best interest of the Estate. With respect to the Justice Oaks factors, the Trustee respectfully shows as follows:

a.     The probability of success:  The outcome of Adversary Proceeding cannot be predicted with certainty. The Trustee contends that the avoidance and recovery action against Sylvania is factually supported and legally strong; however, documentation and defenses by Sylvania could result in a verdict for Sylvania.

b.     The difficulties to be encountered in the matter of collection: The Estate of the Debtor is currently administratively solvent and the recovery of the Settlement Payment is necessary to assist in the further liquidation and administration of the Estate of the Debtor. The expenses associated with a protracted litigation of the Adversary Proceeding, which is the responsibility of the Estate, may well be beyond the capability of the assets of the Estate of the Debtor.

- 4 -

c.  <u>Complexity of the litigation, Expense, Inconvenience, and Delay</u>: The complexity of the litigation and the expense, inconvenience, and delay involved in litigating the Adversary Proceeding weigh in favor of settlement.  The Settlement Payment will provide immediate funds for the benefit of the Estate without incurring substantial litigation expenses. Since the Settlement Agreement provides the Estate with a proportion of the funds requested by the Trustee, it is in the best interests of the Estate to recover the Settlement Payment in an efficient manner pursuant to the Settlement Agreement rather than litigating further for a minimal gain. Continued prosecution of the claims of the Estate will be expensive to both the Parties due to the costs attendant to conducting depositions, calling witnesses and experts, litigating the claims of the Estate and defenses of Sylvania to a verdict that may not be in favor of the Estate. If pursued, litigation expenses/costs would be significant for each of the Parties.

d.  <u>Deference to views of creditors</u>:  The Settlement represents a fair compromise of the claims asserted in the Adversary Proceeding. Creditors of the Estate of the Debtor should support the Settlement Agreement since the Settlement Agreement will enhance the possibility and amount of a dividend to creditors generally.

16.  Pursuant to Federal Rule of Bankruptcy Procedure 9019(a), the Trustee seeks Court approval of the Settlement Agreement attached hereto.  The Trustee has evaluated the facts, the case law, and the practicalities and believes that the proposed compromise and settlement described herein and detailed in the Settlement Agreement is in the best interest of the Estate of the Debtor and the creditors thereof.

17.     The Trustee reserves the right to provide additional support for the relief requested herein at any hearing on this Motion.

WHEREFORE, the Trustee prays that the Court:

(a) Authorize the entry by the Trustee of the Settlement Agreement attached to this Motion;

(b) Authorize the Trustee to provide releases to Sylvania as contained in the Settlement Agreement;

(c) Approve in all respects the compromise and settlement between the Trustee and Sylvania as contained in the Settlement Agreement attached to this Motion;

(d) Authorize the execution of the Settlement Agreement and exchange of mutual releases and documents set forth therein;

(e) Enter an Approval Order, similar in form to the Approval Order attached hereto as **Exhibit "B"** granting all the relief requested herein; and

(f) Grant such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted this 9th day of August, 2023.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
*Counsel for S. Gregory Hays, as Chapter 7 Trustee*
*for the Estate of Atlanta Light Bulb, LLC, Debtor*

**EXHIBIT A**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement (the "**Agreement**") is by and between: (i) S. Gregory Hays, not individually, but as Chapter 7 Trustee ("**Trustee**") for the Estate (the "**Estate**") of Atlanta Light Bulbs, Inc., Debtor ("**Debtor**") in Bankruptcy Case No. 22-52950 (the "**Bankruptcy Case**") in the United States Bankruptcy Court for the Northern District of Georgia (the "**Court**"); and (ii) OSRAM Sylvania Inc. ("**Sylvania**"). The Trustee and Sylvania are individually referred to herein as a "**Party**" and collectively as the "**Parties**."  The following introductory provisions are true and correct and form the basis of this Agreement:

### WITNESSETH

**WHEREAS**, Halco Lighting Technologies, LLC, Norcross Electric Supply Company and Candela Corporation filed an involuntary petition against the Debtor for relief under Chapter 11 of Title 11 of the United States Code.

**WHEREAS**, on May 23, 2022, the Court entered an Order for Relief under Chapter 11 of the Bankruptcy Code [Doc. No. 21]. On July 7, 2022, the Court entered an order [Doc. No. 109] converting the Bankruptcy Case to Chapter 7 and directing the United States Trustee to appoint an interim Chapter 7 Trustee in the Bankruptcy Case.

**WHEREAS**, on July 7, 2022, the United States Trustee appointed S. Gregory Hays as the interim Trustee of the Debtor. S. Gregory Hays is the duly appointed and acting permanent Chapter 7 Trustee in the Bankruptcy Case.

**WHEREAS**, after an investigation by the Trustee determined that the Estate had certain claims against Sylvania, the Trustee initiated Adversary Proceeding No. 23−05043−pmb (the "**Adversary Proceeding**") to seek the avoidance and recovery of transfers under Sections 544, 547, 550, and 551 of the Bankruptcy Code (collectively, the "**Estate Claims**").

**WHEREAS**, Sylvania denied any liability in the Adversary Proceeding and asserted various defenses to the Estate Claims.

**WHEREAS**, after significant arms-length negotiations, the Parties desire to settle, upon the terms set forth herein, all disputes, claims, issues and controversies between and among Parties related to the Estate Claims, subject to notice, hearing and Court approval, pursuant to the agreements and terms set forth herein (the "**Settlement**").

**WHEREAS**, the Parties have agreed to toll, stay, and extend applicable discovery in the Adversary Proceeding to allow the Parties an opportunity to document and obtain approval of the Settlement.

**NOW THEREFORE**, in consideration of the promises, releases, agreements, and covenants set forth in this Agreement, the Parties hereby stipulate and agree as follows:

1.    **Agreement Subject to Approval by the Court.** The Trustee will file a motion (the "**Approval Motion**") seeking an order of the Court in the Bankruptcy Case (the "**Approval Order**") that approves this Agreement. This Agreement is contingent upon and shall not be enforceable against the Trustee, the Estate, or Sylvania until the entry of a final and non-appealable order approving the Agreement. Other than as provided herein, this Agreement shall have no force and effect unless and until the Court enters a final order granting the Approval Motion to approve this Agreement.

2.    **Settlement Payment.** Sylvania shall pay the Trustee a one-time payment of Forty-Five Thousand Dollars ($45,000) (the "**Settlement Payment**") by causing the Settlement Payment to be delivered to the Trustee on or before thirty (30) days after the date that the Approval Order is entered by the Court and the receipt by Sylvania of payment instructions and any information required for tax or verification purposes.

3.    **Waiver by Sylvania; Allowance of Section 502(h) Claim.** As further consideration for

the Trustee to enter the Settlement, except for its claim arising under 11 U.S.C. § 502(h) (discussed below), Sylvania hereby waives any right that Sylvania may have to file or assert any objection, claim or right in or in any way related to the Bankruptcy Case or the Adversary Proceeding, or otherwise or against the Debtor, the Estate, and/or the Trustee. Except for its claim arising under 11 U.S.C. § 502(h), any and all claims, rights, or objections of Sylvania with regard to the Bankruptcy Case or in any way related to the Debtor, Estate, and/or Trustee, are deemed denied, not allowed and are waived, released, extinguished and otherwise fully satisfied including, without limitation, any general unsecured claims. Pursuant to 11 U.S.C. § 502(h), Sylvania shall be deemed to have an allowed non-priority general unsecured claim in the amount of $45,000 (the "**Allowed Section 502(h) Claim**") upon the Trustee's receipt and successful deposit of the Settlement Payment, and Sylvania shall not be required to file a proof of claim or take any other action with respect to the Allowed Section 502(h) Claim.

4.  **No Admission of Liability.** The Parties understand that: a) this Agreement is a compromise of disputed claims to avoid further dispute, litigation and expense; b) the Settlement Payment made hereunder is not to be construed as an admission of any liability for any wrongful conduct or any other liability; and c) the Parties do not admit liability of any kind or character to anyone or a lack of a claim against anyone by virtue of this Agreement.

5.  **Denial of Approval Order.** In the event that the Court denies approval of this Agreement, then, unless otherwise agreed to by the Parties, this Agreement shall terminate and be null and void and of no further force or effect, and the Parties shall be restored to their respective factual and legal positions that existed immediately prior to the execution of this Agreement.

6.  **Release by Sylvania.** For and in consideration of among other benefits set forth in this Agreement, Sylvania hereby releases, waives and completely discharges the Debtor, the Estate, the Trustee and each of their respective current and former affiliates, successors, subsidiaries,

3

parents, officers, directors, assigns, members, managers, attorneys, and financial advisors (collectively, the "**Trustee Group**"), of and from any and all claims, rights, choses in action, duties and causes of action of every kind and character, that Sylvania may now have or hereafter may have arising in the future, or may assert against any or all of the Trustee Group for any reason, under any theory or pursuant to any cause whatsoever, whether known or unknown, suspected or unsuspected, existing or not existing, accrued or not accrued, arising out of, asserted or which could have been asserted by Sylvania that relate, directly or indirectly, to the Estate Claims or the Adversary Proceeding or any matters specifically attendant thereto that Sylvania may presently possess; provided, however, that the obligations, agreements and rights created or expressly preserved in this Agreement, including the Allowed Section 502(h) Claim, are not released, discharged or waived (the "**Sylvania Release**").

7.      **The Estate's Release.**  Subject to approval by the Bankruptcy Court, effective upon the receipt of the Settlement Payment by the Trustee, the Estate and the Trustee (the "**Estate Group**") hereby release and completely discharge Sylvania and its current and former affiliates, subsidiaries, parents, officers, directors, successors, assigns, members, managers, attorneys, and financial advisors (the "**Sylvania Group**") of and from any and all claims, rights, choses in action, duties and causes of action of every kind and character, which any of the Estate Group or the Debtor may now have or hereafter may have arising in the future, or may assert against the Sylvania Group under any theory or pursuant to any cause whatsoever, whether known or unknown, suspected or unsuspected, existing or not existing, accrued or not accrued, including claims arising out of the Estate Claims that were or could have been asserted against Sylvania in the Adversary Proceeding; provided, however, that the obligations, agreements and rights created or expressly preserved in this Agreement are not to be deemed released, discharged or waived (the "**Estate Release**").

8.      **Full Resolution.** This Agreement is intended to fully resolve and settle all claims asserted in the Adversary Proceeding between the Parties that exist, whether known or unknown at this time, and that could have been asserted by the Parties; provided, however, that the Agreement and the Estate Release do not address or impact any claims that may be asserted by the Trustee against any parties other than the Sylvania Group.

9.      **Dismissal of Adversary Proceeding**. Within ten (10) days following the Approval Order becoming a final and non-appealable order and the Trustee receiving the Settlement Payment, the Trustee shall file a notice of dismissal of the Adversary Proceeding.

10.      **Assignment, Transfer, or Conveyance.** The Parties each warrant, covenant and agree that they have made no assignment, transfer, or conveyance, and hereafter will make no assignment, transfer, or conveyance in any manner of all or any part of their legal claims, causes in action, legal rights of action, or any other right released pursuant to this Agreement.

11.      **Fees and Costs.** The Parties shall each bear their respective attorneys' fees and costs relating to the costs associated with the settlement negotiations with regard to any cause of action hereby settled and released, and implementation of this Agreement.  However, if any action is commenced by any party hereto to enforce the provisions of this Agreement, the prevailing party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said action.

12.      **Further Documentation.** The Parties agree to execute, exchange, and/or file, and/or to have their agents execute, exchange, and/or file, any further documents necessary to effectuate the terms of this Agreement.

13.      **Execution.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together, shall constitute one Agreement that shall be binding on the Parties hereto. Signature pages provided by facsimile and electronic signatures shall

have the same force and effect as original signatures.

14.    **Entire Agreement.** This Agreement embodies the entire understanding and terms of the agreement between the Parties with respect to the Settlement between the Parties and supersedes any prior written and/or verbal agreements between the Parties. No understanding or oral representation not incorporated in this Agreement shall survive this Agreement and no promises or representations not expressly stated in this Agreement are included by implication. No such promises or representations have been made by either of the Parties to any other party nor is either of the Parties relying upon any such promise or representation in signing this Agreement. The terms of this Agreement shall not be construed against either of the Parties.

15.    **Modification.** This Agreement may not be revised, superseded or otherwise modified, except in a written document that: a) explicitly refers to this Agreement; b) states explicitly therein that the writing is intended to modify this Agreement; and c) is signed by each of the Parties.

16.    **Interpretation, Enforcement and Controlling Law.** Any action to enforce or interpret this Agreement shall be brought before the Court. The Parties hereto hereby consent and agree: a) to the jurisdiction of the Court in the Bankruptcy Case in that regard; and b) that this Agreement shall be, to the extent not governed by the Bankruptcy Code, governed and construed in accordance with the laws of Georgia. The Parties further agree and represent to each other that this Agreement is valid, binding, and enforceable under Georgia law on the terms set forth herein.

17.    **Authority to Execute and Review by Counsel.** The Parties hereby represent and warrant that the Parties: a) are authorized, or will be authorized by the Approval Order, to execute and enter this Agreement and all matters covered by and relating to the Agreement; b) had the opportunity to obtain the advice of counsel with regard to this Agreement; c) have read the terms and provisions of the Agreement and understand the terms of the Agreement; d) voluntarily accept the terms of the Agreement; and e) have entered into this Agreement for reasons of their own and

not based upon representations of any other party hereto.  The signatories expressly warrant that they have carefully read this Agreement and understand its contents and sign this Agreement as their own free act.

18.      **Effect of Captions**. Captions of the paragraphs of this Agreement are for convenience and reference only, and the words contained therein shall in no way be employed to explain, modify, amplify or aid in the interpretation, construction or meaning of the provisions of this Agreement.

19.      **Terms and Recitals.** The terms of this Agreement are contractual and not mere recitals. The recitals themselves at the beginning of this Agreement constitute substantive, bargained for provisions that are integral to this Agreement.  This written Agreement and the documents executed in connection herewith represent the final agreement between the Parties, and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements by the Parties.  There are no unwritten oral agreements between the Parties.

20.      **Time is of the Essence**. Time is of the essence with respect to the rights and the performance of the obligations set forth herein.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement on the latest

day and the year set forth below.

BANKRUPTCY ESTATE OF ATLANTA LIGHT BULBS, INC., DEBTOR

By:_____

    S. Gregory Hays, not individually, but as Chapter 7 Trustee for the Estate of Atlanta Light
    Bulbs, Inc., Debtor

OSRAM SYLVANIA INC.

By:_____

Name/Title: _____

8

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE BAISIER |
| S. GREGORY HAYS, AS CHAPTER 7 | : | |
| TRUSTEE FOR ATLANTA LIGHT | : | |
| BULBS, INC., DEBTOR, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 23-05043-pmb |
| | : | |
| OSRAM SYLVANIA INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING MOTION TO APPROVE COMPROMISE AND SETTLEMENT**
**BETWEEN TRUSTEE AND OSRAM SYLVANIA INC.**

S. Gregory Hays, chapter 7 trustee (the "**Trustee**") for the Estate (the "**Estate**") of Atlanta

Light Bulbs, Inc., Debtor ("**Debtor**") in Bankruptcy Case No. 22-52950 (the "**Bankruptcy Case**"),

filed a *Motion to Approve Compromise and Settlement Between Trustee and OSRAM Sylvania Inc.* (the "**Motion**") for: 1) approval of a compromise and settlement (the "**Settlement Agreement**") between the Trustee and OSRAM Sylvania Inc. ("**Sylvania**" and, collectively, Sylvania and the Trustee are the "**Parties**"); and 2) authority to provide releases provided therein.

Following notice to all creditors and parties in interest entitled to notice, no objection was filed in opposition to the Motion.  On September 5, 2023, the Court held a hearing on the Motion at which no creditor or party in interest appeared to oppose the Motion. After thorough consideration of the Motion, the Settlement Agreement, the record in this Bankruptcy Case, and arguments of counsel for the Trustee, this Court finds that the approval of the Settlement Agreement as between the Parties is in the best interests of the Estate of the Debtor, the creditors of the Debtor, and all parties in interest.  Accordingly, for good cause shown, it is hereby:

ORDERED, that the Motion is GRANTED and that entry by the Trustee into the Settlement Agreement attached to the Motion on file with the Court was authorized and proper; and it is further

ORDERED, that terms of the compromise and settlement between the Trustee and Sylvania as contained in the Settlement Agreement attached to the Motion are APPROVED; and it is further

ORDERED, that upon the Trustee's receipt of the Settlement Payment, Sylvania shall be deemed to have an allowed non-priority general unsecured claim against the Estate in the amount of $45,000 pursuant to 11 U.S.C. § 502(h), and it is further

ORDERED, that the Trustee is hereby granted the authority to take any and all steps necessary to consummate the compromise and settlement as set forth in the Settlement Agreement attached to the Motion and as herein approved, including, but not limited to the exchange of mutual

releases as detailed in the Settlement Agreement and the execution and exchange of such other and

further documents to effectuate the Settlement Agreement approved by this Court.

***END OF ORDER***

Order prepared and presented by:
LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
*Counsel for S. Gregory Hays, as Chapter 7 Trustee*
*for the Estate of Atlanta Light Bulb, LLC, Debtor*

**Identification of parties to be served:**
Office of the U.S. Trustee, 362 Richard B. Russell Federal Building, 75 Spring Street SW, Atlanta, GA 30303

Law Offices of Henry F. Sewell, Jr., LLC, c/o Henry F. Sewell, Jr., Buckhead Centre, 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30305

Atlanta Light Bulbs, Inc., 2109 Mountain Industrial Blvd, Tucker, GA 30084

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC., | : | CHAPTER 7 |
| | : | |
| _____Debtor._____ | : | JUDGE BAISIER |
| S. GREGORY HAYS, AS CHAPTER 7 | : | |
| TRUSTEE FOR ATLANTA LIGHT | : | |
| BULBS, INC., DEBTOR, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 23-05043-pmb |
| | : | |
| OSRAM SYLVANIA INC., | : | |
| | : | |
| _____Defendant._____ | : | |

## CERTIFICATE OF SERVICE

This is to certify that on this date a true and correct copy of the foregoing *MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN TRUSTEE AND OSRAM SYLVANIA INC.* was filed with the United States Bankruptcy Court for the Northern District of Georgia's Electronic Case Filing System, which sent a copy of the foregoing to all registered parties who have filed appearances and requested notices in this case. The foregoing was also deposited in the United States Mail with adequate postage affixed thereto and addressed to the following:

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Spring Street SW
Atlanta, GA  30303

Atlanta Light Bulbs, Inc.
2109 Mountain Industrial Blvd
Tucker, GA 30084

This 9th day of August, 2023.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
*Counsel for S. Gregory Hays, as Chapter 7 Trustee*
*for the Estate of Atlanta Light Bulb, LLC, Debtor*