### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE BAISIER |

### NOTICE OF HEARING ON MOTION TO APPROVE COMPROMISE AND SETTLEMENT

      **PLEASE TAKE NOTICE THAT** S. Gregory Hays, chapter 7 trustee (the "**Trustee**") for the Estate (the "**Estate**") of Atlanta Light Bulbs, Inc., Debtor ("**Debtor**") in Bankruptcy Case No. 22-52950 (the "**Bankruptcy Case**"), has filed a *Motion to Approve Compromise and Settlement* (the "**Motion**") and related papers with the Court seeking an order approving a settlement between the Trustee and Jessica Maria Mendoza, Robert Troy Taitz, Alliance Electrical Services, Inc., and Lumos Supplies, LLC f/k/a Lumos Dynamics LLC. The Motion is on file with the Clerk of the Court at the address set forth below and is available for review at the office of the Clerk, U.S. Bankruptcy Court between 8:00 a.m. and 4:00 p.m. or online anytime at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users).

      **PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing (the "**Hearing**") to consider the Motion at 1:10 p.m. on December 4, 2023**,** in Courtroom 1202, Richard B. Russell Federal Building and U.S. Courthouse, 75 Ted Turner Drive, S.W. Atlanta, Georgia 30303, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

      Your rights may be affected by the Court's ruling on the Motion. You should read the Motion carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views, then you and/or your attorney should attend the Hearing. You may also file a written response to the Motion with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the Hearing. The address of the Clerk's Office is: Clerk, U.S.

Bankruptcy Court, Suite 1340, 75 Ted Turner Drive Street, SW, Atlanta, Georgia 30303. You should also mail a copy of your response to the undersigned at the addresses stated below.

**NOTICE IS HEREBY GIVEN THIS 31st day of October, 2023.**

LAW OFFICES OF HENRY F. SEWELL JR., LLC

***/s/ Henry F. Sewell, Jr.***
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
*Counsel for S. Gregory Hays, as Chapter 7 Trustee for the Estate of Atlanta Light Bulb, LLC, Debtor*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE BAISIER |

**MOTION TO APPROVE COMPROMISE AND SETTLEMENT**

S. Gregory Hays, chapter 7 trustee (the "**Trustee**") for the Estate (the "**Estate**") of Atlanta Light Bulbs, Inc., Debtor ("**Debtor**" or "**ALB**") in Bankruptcy Case No. 22-52950 (the "**Bankruptcy Case**"), by and through counsel, hereby files, pursuant to 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure, this *Motion to Approve Compromise and Settlement* (the "**Motion**") to request the entry of an order approving a settlement between the Trustee and Jessica Maria Mendoza ("**Ms. Mendoza**"), Robert Troy Taitz ("**Mr. Taitz**"), Alliance Electrical Services, Inc. ("**AES**"), and Lumos Supplies, LLC f/k/a Lumos Dynamics LLC ("**Lumos**") (collectively, Ms. Mendoza, Mr. Taitz, AES, and Lumos are the "**Defendants**"). In support thereof, the Trustee respectfully states as follows:

**BACKGROUND**

1.      The Court has jurisdiction over the subject matter herein and the parties hereto pursuant to 28 U.S.C. § 1334, along with other related statutes and rules.

2.      This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

3.      Halco Lighting Technologies, LLC, Norcross Electric Supply Company and Candela Corporation filed an involuntary petition against the Debtor for relief under Chapter 11 of Title 11 of the United States Code.

4.      On May 23, 2022, the Court entered an Order for Relief under Chapter 11 of the Bankruptcy Code [Doc. No. 21]. On July 7, 2022, the Court entered an order [Doc. No. 109] converting the Bankruptcy Case to Chapter 7 and directing the United States Trustee to appoint an interim Chapter 7 Trustee in the Bankruptcy Case.

5.      On July 7, 2022, the United States Trustee appointed S. Gregory Hays as the interim Trustee of the Debtor. S. Gregory Hays is the duly appointed and acting permanent Chapter 7 Trustee in the Bankruptcy Case.

6.      After an investigation by the Trustee determined that the Estate had certain claims against Defendants, the Trustee initiated Adversary Proceeding No. 22-05123-PMB (the "**Adversary Proceeding**") to: (a) avoid and recover certain transfers of property or interests of ALB from one or more of the Defendants or from any other person or entity for whose benefit the transfers were made; (b) compel the turnover of property of the Estate; (c) recover damages for conversion, breach of fiduciary duty, conspiracy, and unjust enrichment; and (d) obtain an accounting from each of the Defendants (the "**Estate Claims**").

7.      The Defendants denied any liability in the Adversary Proceeding and asserted various defenses to the Estate Claims.

8.      The parties have engaged in substantial discovery since the initiation of the Adversary Proceeding.  Moreover, in response to the Trustee's discovery requests, Defendants produced a voluminous amount of documents relevant to the claims advanced in the Adversary Proceeding.  After reviewing various documents and engaging in numerous conversations through counsel, the Trustee notes that the Defendants claim that many of the transfers identified in the Adversary Complaint reflect reimbursement to Mendoza and/or Taitz for personal credit card expenses used to purchase inventory for the Debtor in the normal course of business.

Notwithstanding, Defendants do not contest that a number of the transfers were made during the preference period and are ultimately avoidable pursuant to Sections 550 and 551 of the Bankruptcy Code.

9.      The parties have mutually cooperated with each other in an effort to resolve this litigation.

10.     All parties agree that it would be extremely costly to litigate this matter given the complexity of this matter and the number of transfers at issue.  In order to avoid the cost and uncertainty of further litigation, the Trustee and the Defendants negotiated in good faith in an attempt to reach an agreement and compromise regarding their respective positions in the Adversary Proceeding.

### TERMS OF COMPROMISE AND SETTLEMENT

11.     After significant arms-length negotiations, the Parties desire to settle, upon the terms set forth herein, all disputes, claims, issues and controversies between and among Parties related to the Estate Claims, subject to notice, hearing and Court approval, pursuant to the agreements and terms set forth in the Settlement Agreement attached as **Exhibit "A"** hereto (the "**Settlement**").

12.     As a result of Settlement, the Trustee and the Defendants seek court approval of the Settlement Agreement that constitutes, *inter alia*, a compromise of the claims asserted in the Adversary Proceeding.

13.     The Settlement Agreement is subject to approval by the Court sought in this Motion.

14.     In short, the terms of the Settlement Agreement are that the Defendants shall pay the Trustee the sum of One-Hundred and Thirty Thousand Dollars ($130,000.00) (the "**Settlement**

**Payment**"). Defendants agree that they are jointly and severally liable for the Settlement Payment. The Settlement Payment shall be paid as follows:

a. The amount of Fifteen Thousand Dollars ($15,000.00) has been paid to the Trustee and is being held by the Trustee's counsel pending approval of this Agreement (the "**Initial Payment**"); and

b. The amount of One-Hundred Fifteen Thousand Dollars ($115,000.00) shall be paid to the Trustee in nine (9) monthly payments of Twelve Thousand Seven Hundred Seventy Seven Thousand Dollars and Seventy Seven Cents ($12,777.77with each payment due by the 1st of each month and the first payment commencing January 1, 2024 (the "**Installment Payments**").

15.    As further consideration for the entry of this Agreement, the Defendants agree to provide adequate information to Trustee to identify the sale of the Truck (as defined in the Motion), including the date of the sale; the purchaser; and the amount of the sale.  To the extent the Trustee initiates legal action against the purchaser of the Truck, Defendants will comply with all proper subpoenas issued pursuant to that legal action..

16.    If the Defendants fail to make any payment required under the Agreement, the Trustee shall be entitled to send written notice of default to the Defendants at the notice address identified in paragraph 6 of the Agreement. If the default referenced in the written notice is not cured by the Defendants within fifteen  (15) days of receipt of the written notice of default, the unpaid balance of the Settlement Payment shall be accelerated and escalated and the Trustee shall be entitled to an immediate consent judgment against the Defendants for the Estate Claims in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,0000) less payments actually made by the Defendants to the Trustee (the "**Consent Judgment**"). If the default referenced in the written notice is not cured by the Defendants within fifteen (15) of receipt of the written notice of default, the Defendants agree to act to ensure the prompt entry of the Consent Judgment and agree to cooperate with the Trustee and take all actions necessary to ensure the prompt entry of the

Consent Judgment.  The Defendants further agree that debt underlying the Consent Judgment shall be non-dischargeable.

17.    Any conflict between the Settlement Agreement and the averments of this Motion are intended to be construed as provided in the Settlement Agreement, which is attached as **Exhibit "A"** hereto.

### BASIS FOR RELIEF

18.    Rule 9019 authorizes a bankruptcy court to approve compromise and settlements at its discretion based on the particular circumstances of the case. "When invoked as a guide to judicial action, it means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." *See Langnes v. Green*, 282 U.S. 531, 541, 51 S. Ct. 243, 247, 75 L. Ed. 520 (1931) (noting that the term discretion "denotes the absence of a hard and fast rule).

19.    When deciding whether to approve a proposed settlement, the bankruptcy courts generally consider the following: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) complexity of the litigation involved; (d) the expense, inconvenience, and delay necessarily attending the litigation, including the possibility that denial of the settlement will cause assets of the estate to be depleted; and (e) the paramount interest of the creditors and a proper deference to their reasonable views. *See Wallis v. Justice Oaks, II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied,* 498 U.S. 959 (1990). The Trustee believes that the Settlement is reasonable and in the best interest of the Estate. With respect to the Justice Oaks factors, the Trustee respectfully shows as follows:

a.      <u>The probability of success</u>:   The outcome of Adversary Proceeding cannot be predicted with certainty. The Trustee contends that the avoidance and recovery action against the Defendants is factually supported and legally strong; however, documentation and defenses by the Defendants could result in a verdict for the Defendants.

b.      <u>The difficulties to be encountered in the matter of collection</u>: The Estate of the Debtor is currently administratively solvent and the recovery of the Settlement Payment is necessary to assist in the further liquidation and administration of the Estate of the Debtor. The expenses associated with a protracted litigation of the Adversary Proceeding, which is the responsibility of the Estate, may well be beyond the capability of the assets of the Estate of the Debtor.

c.      <u>Complexity of the litigation, Expense, Inconvenience, and Delay</u>: The complexity of the litigation and the expense, inconvenience, and delay involved in litigating the Adversary Proceeding weigh in favor of settlement.  The Settlement Payment will provide funds for the benefit of the Estate without incurring substantial litigation expenses. Since the Settlement Agreement provides the Estate with a proportion of the funds requested by the Trustee, it is in the best interests of the Estate to recover the Settlement Payment in an efficient manner pursuant to the Settlement Agreement rather than litigating further for a minimal gain. Continued prosecution of the claims of the Estate will be expensive to both the Parties due to the costs attendant to conducting depositions, calling witnesses and experts, litigating the claims of the Estate and defenses of the Defendants to a verdict that

may not be in favor of the Estate. If pursued, litigation expenses/costs would be significant for each of the Parties.

d.    <u>Deference to views of creditors</u>:  The Settlement represents a fair compromise of the claims asserted in the Adversary Proceeding. Creditors of the Estate of the Debtor should support the Settlement Agreement since the Settlement Agreement will enhance the possibility and amount of a dividend to creditors generally.

20.    Pursuant to Federal Rule of Bankruptcy Procedure 9019(a), the Trustee seeks Court approval of the Settlement Agreement attached hereto.  The Trustee has evaluated the facts, the case law, and the practicalities and believes that the proposed compromise and settlement described herein and detailed in the Settlement Agreement is in the best interest of the Estate of the Debtor and the creditors thereof.

21.    The Trustee reserves the right to provide additional support for the relief requested herein at any hearing on this Motion.

WHEREFORE, the Trustee prays that the Court:

(a) Authorize the entry by the Trustee of the Settlement Agreement attached to this Motion;

(b) Authorize the Trustee to provide releases to the Defendants as contained in the Settlement Agreement;

(c) Approve in all respects the compromise and settlement between the Trustee and the Defendants as contained in the Settlement Agreement attached to this Motion;

(d) Authorize the execution of the Settlement Agreement and exchange of releases and documents set forth therein;

(e) Enter an Approval Order, similar in form to the Approval Order attached hereto as

    **Exhibit "B"** granting all the relief requested herein; and

(f) Grant such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted this 31st day of October, 2023.

        LAW OFFICES OF HENRY F. SEWELL JR., LLC

        */s/ Henry F. Sewell, Jr.*
        Henry F. Sewell, Jr.
        Georgia Bar No. 636265
        Buckhead Centre
        2964 Peachtree Road NW, Suite 555
        Atlanta, GA 30305
        (404) 926-0053
        hsewell@sewellfirm.com
        *Counsel for S. Gregory Hays, as Chapter 7 Trustee*
        *for the Estate of Atlanta Light Bulb, LLC, Debtor*

**EXHIBIT A**

## <u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement (the "**Agreement**") is entered into as of October 26,  2023 (the "**Effective Date**") by and between: (i) S. Gregory Hays, not individually, but as Chapter 7 Trustee (the "**Trustee**") for the Estate (the "**Estate**") of Atlanta Light Bulbs, Inc. ("**ALB**"), Debtor ("**Debtor**") in Bankruptcy Case No. 22-52950-PMB (the "**Bankruptcy Case**") in the Bankruptcy Court for the Northern District of Georgia (the "**Bankruptcy Court**") and Plaintiff in Adversary Proceeding No. 22-05123-PMB (the "**Adversary Proceeding**"); (ii) Jessica Maria Mendoza ("**Ms. Mendoza**"); (iii) Robert Troy Taitz ("**Mr. Taitz**"); (iv) Alliance Electrical Services, Inc. ("**AES**"); and (v) Lumos Supplies, LLC f/k/a Lumos Dynamics LLC ("**Lumos**"). The Trustee, Ms. Mendoza, Mr. Taitz, AES, and Lumos are individually referred to herein as a "**Party**" and collectively as the "**Parties**."  The following introductory provisions are true and correct and form the basis of this Agreement:

### WITNESSETH

**WHEREAS**, Halco Lighting Technologies, LLC, Norcross Electric Supply Company and Candela Corporation filed on April 15, 2022, an involuntary petition for relief under Chapter 11 of Title 11 of the United States Code against ALB in the Bankruptcy Court to initiate the Bankruptcy Case and the Court on May 23, 2022, entered an Order for Relief under Chapter 11 of the Bankruptcy Code [Doc. No. 21].

**WHEREAS**, on June 17, 2022, the Court entered an order [Doc. No. 68] approving the Trustee as Chapter 11 Trustee for Debtor.

**WHEREAS**, on July 7, 2022, the Court entered an order [Doc. No. 109] converting the Bankruptcy Case to Chapter 7 and directing the United States Trustee to appoint an interim Chapter 7 Trustee in the Bankruptcy Case.

**WHEREAS**, on July 7, 2022, the United States Trustee appointed S. Gregory Hays as the interim Trustee of the ALB and the Trustee is now the duly elected Trustee of ALB.

**WHEREAS**, the Trustee investigated the conduct of Ms. Mendoza and Mr. Taitz as insiders of ALB as well as entities owned and/or controlled by Ms. Mendoza and/or Mr. Taitz, including AES, and Lumos.

**WHEREAS**, the Trustee initiated the Adversary Proceeding by filing a complaint (the "**Complaint**") against Ms. Mendoza, Mr. Taitz, AES and Lumos (collectively, the "**Defendants**") to: (a) avoid and recover certain transfers of property or interests of ALB from one or more of the Defendants or from any other person or entity for whose benefit the transfers were made; (b) compel the turnover of property of the Estate; (c) recover damages for conversion, breach of fiduciary duty, conspiracy, and unjust enrichment; and (d) obtain an accounting from each of the Defendants (the "**Estate Claims**").

**WHEREAS**, the Complaint identified a certain 2013 Dodge Ram 5500 Truck (the "**Truck**") that was purchased with funds of ALB.

**WHEREAS**, after significant arms-length negotiations, the Parties desire to settle (the "**Settlement**"), upon the terms set forth herein, any and all disputes, claims, issues and controversies arising from the Adversary Proceeding pursuant to the terms of this Agreement.

**NOW THEREFORE**, in consideration of the promises, releases, agreements, and covenants set forth in this Agreement, the Parties hereby stipulate and agree as follows:

1.  **Agreement Subject to Approval by the Court.** The Trustee will file a motion (the "**Approval Motion**") seeking an order of the Court in the Bankruptcy Case (the "**Approval Order**") that approves this Agreement. This Agreement is contingent upon and shall not be enforceable against the Trustee or the Estate until the entry of a final and non-appealable order approving the Agreement. Other than as provided herein, this Agreement shall have no force and

effect against the Trustee or the Estate unless and until the Court enters a final order granting the Approval Motion to approve this Agreement.

2. **Settlement Payment.** In settlement of the Estate Claims, Defendants shall pay the Trustee the sum of One-Hundred and Thirty Thousand Dollars ($130,000.00) (the "**Settlement Payment**"). Defendants agree that they are jointly and severally liable for the Settlement Payment. The Settlement Payment shall be paid as follows:

a. The amount of Fifteen Thousand Dollars ($15,000.00) has been paid to the Trustee  (the "**Initial Payment**").  The Initial Payment is being held in escrow by the Trustee's counsel and, in the event that this Settlement Agreement is approved by the Court, will be credited towards the Settlement Payment.   In the event this Settlement Agreement is not approved by the Court, the Initial Payment will be returned to the Defendants; and

b. The amount of One-Hundred Fifteen Thousand Dollars ($115,000.00) shall be paid to the Trustee in nine (9) monthly payments of Twelve Thousand Seven Hundred Seventy Seven Thousand Dollars and Seventy Seven Cents ($12,777.77) with each payment due by the 1st of each month and the first payment commencing January 1, 2024 (the "**Installment Payments**").

3. **Truck Information**. Defendants agree to provide adequate information to Trustee to identify the sale of the Truck, including the date of the sale; the purchaser; and the amount of the sale.  To the extent the Trustee initiates legal action against the purchaser of the Truck, Defendants will comply with all proper subpoenas issued pursuant to that legal action..

4. **Consideration.** In full and final resolution of the claims between the Parties with regard to the Estate Claims, the Defendants shall provide the Trustee with full possession and control of the full amount of the Settlement Payment and all information available to the Defendants regarding the Truck.

5. **Default and Springing Consent Judgment**.

3

a.   If the Defendants fail to make any payment required under this Agreement, the Trustee shall be entitled to send written notice of default to the Defendants at the notice address identified in paragraph 6 of this Agreement. The Defendants agree that notice to such notice address is effective notice. Defendants further agree that Defendants: a) are solely responsible and have an affirmative duty to ensure that the notice address is up to date and current; and b) shall promptly update the Trustee in writing of any change to the notice address. If the default referenced in the written notice is not cured by the Defendants within five (5) of receipt of the written notice of default, the unpaid balance of the Settlement Payment shall be accelerated and escalated and the Trustee shall be entitled to an immediate consent judgment against the Defendants for the Estate Claims in the amount of  Two Hundred Thousand Dollars ($200,000) in the form attached hereto as  Exhibit "A"   (the "**Consent Judgment**") less only those amounts  actually  paid by the Defendants pursuant to this Agreement.

b.   The Consent Judgment shall be executed by the Defendants and their counsel contemporaneously with the execution of this agreement and the original shall be held in escrow by counsel for the Trustee to be filed only in the event of a default noticed pursuant to this Agreement which is not cured by the Defendants.  If the default referenced in the written notice is not cured by the Defendants within fifteen (15) days of receipt of the written notice of default, the Trustee may submit a Notice of Default and Affidavit of Service with the Court attesting to the service and failure to cure and request entry of the Consent Judgment; provided, however, that in the event the Trustee sends two (2) notices of default to the Defendants herein, the cure period shall be reduced from fifteen (15) days to five (5) days.   Provided, further, that in the event the Trustee sends four (4) or more notices of default, the cure period shall be reduced to three (3) days.

c.   The Defendants agree to act to ensure the prompt entry of the Consent Judgment in the

event of an un-cured default and agree to cooperate with the Trustee and take all actions necessary
to ensure the prompt entry of the Consent Judgment.  The Defendants further agree that debt
underlying the Consent Judgment shall be a non-dischargeable debt in the event any one of them
seek protection under the United States Bankruptcy Code.

6.    **Notices**. To be effective, all notices and other communications to any Party herein
shall be in writing and shall be delivered by hand or overnight courier service, mailed by certified
or registered mail, or e-mail as follows:

| | |
|---|---|
| For each of the Defendants: | 503 Branyan Trail, Milton, GA 30004 |
| With a required copy to: | GAMBLE CLARK LLP Aaron M. Clark, Esq. 869 Virginia Circle NE Atlanta, Georgia 30306 aaron.clark@gambleclarklaw.com |
| To the Trustee: | S. Gregory Hays Hays Financial Consulting, LLC Buckhead Centre 2964 Peachtree Road NW, Suite 555 Atlanta, GA 30305 ghays@haysconsulting.net |
| With a required copy to: | LAW OFFICES OF HENRY F. SEWELL JR., LLC Henry F. Sewell, Jr. Buckhead Centre 2964 Peachtree Road NW, Suite 555 Atlanta, GA 30305 hsewell@sewellfirm.com |

Any Party may change its mailing address or email address for notices and other
communications hereunder by written notice to the other Parties.  It shall be the responsibility of
each of the Parties to update their mailing and email addresses.  Absent written notifications of a
new mailing or email address, service on the addresses set forth herein shall constitute proper
notice under this Agreement.

All such notices and other communications shall be effective (i) if tendered to an overnight courier service, upon the first Business Day after the date deposited with such courier service for overnight (next-day) delivery, (ii) if mailed from the United States to an address within the United States, upon the third Business Day after the date deposited into the mail with the Unites States Postal Service, (iii) if delivered by hand, upon delivery, or (iv) if sent by e-mail, upon the sender's receipt of an acknowledgement from the intended recipient (such as by the "return receipt requested" function, as available, or return email or other written acknowledgement).   A copy of all notices shall be sent via email to counsel for the Defendants as listed above.

7.      **Denial of Approval Order**. In the event that the Court denies approval of this Agreement, then, unless otherwise agreed to by the Parties, this Agreement shall terminate and be null and void and of no further force or effect, the Trustee shall return the Initial Payment and the Parties shall be restored to their respective factual and legal positions that existed immediately prior to the execution of this Agreement.

8.      **Release by Defendants.**  For and in consideration of among other benefits set forth in this Agreement, Ms. Mendoza, Mr. Taitz, AES, and Lumos hereby release, waive and completely discharge the Trustee, the Estate and each of their respective current and former related entities, affiliates, successors, subsidiaries, parents, officers, directors, assigns, members, managers, attorneys, and financial advisors (collectively, the "**Estate Parties**"), of and from any and all claims, rights, choses in action, duties and causes of action of every kind and character, that the Defendants may now have or hereafter may have arising in the future, or may assert against any or all of the Estate Parties for any reason, under any theory or pursuant to any cause whatsoever, whether known or unknown, suspected or unsuspected, existing or not existing, accrued or not accrued, either arising out of, asserted or that could have been asserted by the Defendants that relate, directly or indirectly, to the Estate Claims, the Adversary Proceeding or

Bankruptcy Case or any matters specifically attendant thereto that the Defendants may presently possess; provided, however, that the obligations, agreements and rights created or expressly preserved in this Agreement are not released, discharged or waived.

9.    **Release by Trustee.**  For and in consideration of among other benefits set forth in this Agreement, upon receipt by the Trustee of the full amount of the Settlement Payment and complete information regarding the Truck and in the event that no Consent Judgment has been entered, the Trustee hereby releases, waives and completely discharges Ms. Mendoza, Mr. Taitz, AES, and Lumos and each of their respective current and former related entities, affiliates, successors, subsidiaries, parents, officers, directors, assigns, members, managers, attorneys, and financial advisors (collectively, the "**Defendant Parties**"), of and from any and all claims, rights, choses in action, duties and causes of action of every kind and character, that the Trustee may now have or hereafter may have arising in the future, or may assert against any or all of the Defendant Parties for any reason, under any theory or pursuant to any cause whatsoever, whether known or unknown, suspected or unsuspected, existing or not existing, accrued or not accrued, either arising out of, asserted or that could have been asserted by the Trustee that relate, directly or indirectly, to the Estate Claims or the Adversary Proceeding or any matters specifically attendant thereto that the Trustee may presently possess; provided, however, that the obligations, agreements and rights created or expressly preserved in this Agreement are not released, discharged or waived and this paragraph shall not be effective in the event of the entry of the Consent Judgment.

10.    **Resolution of Claims Between Parties.** This Agreement is intended to fully resolve and settle all claims between the Parties that exist, whether known or unknown at this time, and could have been asserted with regard to Adversary Proceeding.

11.     **Dismissal of Adversary Proceeding**. Within ten (10) days following the Trustee receiving: a) the full amount of the Settlement Payment; and b) full and complete information regarding the Truck, the Trustee shall file a notice of dismissal of the Adversary Proceeding.

12.     **Assignment, Transfer, or Conveyance.** The Parties each warrant, covenant and agree that they have made no assignment, transfer, or conveyance, and hereafter will make no assignment, transfer, or conveyance in any manner of all or any part of their legal claims, causes in action, legal rights of action, or any other right released pursuant to this Agreement.

13.     **Costs and Expenses.** The Parties shall each bear their respective costs, expenses, and attorneys' fees relating to the settlement negotiations with regard to any cause of action hereby settled and released, and/or the preparation and implementation of this Settlement Agreement; provided, however, if any action is commenced by any Party hereto to enforce the provisions of this Settlement Agreement, the prevailing party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said action. In the event of any default, Ms. Mendoza and Mr. Taitz further agree to be jointly and severally responsible for all costs, expenses, and attorneys' fees relating to any entry of a Consent Judgment.

14.     **Further Documentation.** The Parties agree to execute, exchange, and/or file, and/or to have their agents execute, exchange, and/or file, any further documents necessary to effectuate the terms of this Agreement.

15.     **Execution.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together, shall constitute one Agreement that shall be binding on the Parties hereto. Signature pages provided by facsimile and electronic signatures shall have the same force and effect as original signatures.

16.    **Entire Agreement.** This Agreement embodies the entire understanding and terms of the agreement between the Parties with respect to the Settlement between the Parties and supersedes any prior written and/or verbal agreements between the Parties. No understanding or oral representation not incorporated in this Agreement shall survive this Agreement and no promises or representations not expressly stated in this Agreement are included by implication. No such promises or representations have been made by either of the Parties to any other party nor is either of the Parties relying upon any such promise or representation in signing this Agreement. The terms of this Agreement shall not be construed against either of the Parties. There are no other agreements between the Parties other than this Agreement; all prior agreements between the Parties other than this Agreement shall be deemed terminated and released. There are no other agreements between the Parties other than this Agreement; all prior agreements between the Parties other than this Agreement shall be deemed terminated and released.

17.    **Modification.** This Agreement may not be revised, superseded or otherwise modified, except in a written document that: a) explicitly refers to this Agreement; b) states explicitly therein that the writing is intended to modify this Agreement; and c) is signed by all Parties.

18.    **Interpretation, Enforcement and Controlling Law.** Any action to enforce or interpret this Agreement shall be brought before the Court. The Parties hereto hereby consent and agree: a) to the jurisdiction of the Court in that regard; and b) that this Agreement shall be, to the extent not covered by the Bankruptcy Code, governed and construed in accordance with the laws of Georgia. The Parties further agree and represent to each other that this Agreement is valid, binding, and enforceable under Georgia law on the terms set forth herein.

19.    **Authority to Execute and Review by Counsel.** The Parties hereby represent and warrant that the Parties: a) are authorized, or will be authorized by the Approval Order, to execute

and enter this Agreement and all matters covered by and relating to the Agreement; b) had the opportunity to obtain the advice of counsel with regard to this Agreement; c) have read the terms and provisions of the Agreement and understand the terms of the Agreement; d) voluntarily accept the terms of the Agreement; and e) have entered into this Agreement for reasons of their own and not based upon representations of any other Party hereto. The signatories expressly warrant that they have carefully read this Agreement and understand its contents and sign this Agreement as their own free act.

20.     **Effect of Captions**. Captions of the paragraphs of this Agreement are for convenience and reference only, and the words contained therein shall in no way be employed to explain, modify, amplify or aid in the interpretation, construction or meaning of the provisions of this Agreement.

21.     **Terms and Recitals.** The terms of this Agreement are contractual and not mere recitals. The recitals themselves at the beginning of this Agreement constitute substantive, bargained for provisions that are integral to this Agreement.  This written Agreement and the documents executed in connection herewith represent the final agreement between the Parties, and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements by the Parties.  There are no unwritten oral agreements between the Parties.

22.     **Time is of the Essence**. Time is of the essence with respect to the rights and the performance of the obligations set forth herein.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the latest date set forth below.

BANKRUPTCY ESTATE OF ATLANTA LIGHT BULBS, INC., DEBTOR

By:_____
   S. Gregory Hays, not individually, but as Chapter 7 Trustee for the Estate of Atlanta Light Bulbs, Inc., Debtor

Date: _____

JESSICA MARIA MENDOZA

By:_____
   Jessica Maria Mendoza

Date: _____10/24/23_____

ROBERT TROY TAITZ

By:_____
   Robert Troy Taitz

Date: _____10/24/23_____

ALLIANCE ELECTRICAL SERVICES, INC. LUMOS SUPPLIES, LLC F/K/A LUMOS DYNAMICS LLC

By:_____
Name: _____Robert Taitz_____
Its: _____CEO_____
Date: _____10/24/23_____

LUMOS SUPPLIES, LLC F/K/A LUMOS DYNAMICS LLC

By:_____
Name: _____Robert Taitz_____
Its: _____CEO_____
Date: _____10/24/23_____

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC., | : | CHAPTER 7 |
| | : | |
| _____Debtor._____ | : | JUDGE BAISIER |
| S. GREGORY HAYS, AS CHAPTER 7 | : | |
| TRUSTEE FOR ATLANTA LIGHT | : | |
| BULBS, INC., DEBTOR, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 22-05123-PMB |
| | : | |
| ROBERT TROY TAITZ, JESSICA MARIE | : | |
| MENDOZA, ALLIANCE ELECTRICAL | : | |
| SERVICES, INC., LUMOS SUPPLIES, | : | |
| LLC and JOHN DOES 1 – 10, | : | |
| | : | |
| Defendants. | : | |

## CONSENT JUDGMENT

Plaintiff S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**") for the Estate of Atlanta

Light Bulbs, Inc., Debtor (the "**Plaintiff**"), and Defendants Robert Troy Taitz, Jessica Marie

Mendoza, Alliance Electrical Services, Inc., and Lumos Supplies, LLC (collectively, the "**Defendants**") in the above captioned adversary proceeding (collectively, the "**Parties**"), by and through their undersigned counsel, hereby consent to judgment as follows:

1. Defendants acknowledge and consents that this Court has jurisdiction over this case and that venue is proper in this Court.

2. Trustee and Defendants entered into a settlement agreement resolving the above-captioned adversary proceeding, whereby Defendant agreed to make payment to the Trustee in the total amount of $130,000.00 ("**Settlement Amount**") to be paid as follows: The amount of Fifteen Thousand Dollars ($15,000.00) to the Trustee prior to approval of the Settlement Agreement by the Bankruptcy Courton  (the "**Initial Payment**"); and the amount of One-Hundred Fifteen Thousand Dollars ($115,000.00) paid to the Trustee in nine (9) monthly payments of Twelve Thousand Seven Hundred Seventy Seven Thousand Dollars and Seventy Seven Cents ($12,777.77 with each payment due by the 1st of each month and the first payment commencing January 1, 2024  (the "**Installment Payments**").   A copy of the Order approving the Settlement is entered at Docket No. in the Debtor's case (the "**Settlement Order**")

3. Pursuant to the terms of the Settlement Order and Settlement Agreement, upon Defendant's failure to make the any payment required by the Settlement Order, Trustee shall be entitled, after fifteen (15) days notice and an opportunity to cure, to file a Notice of Default and Affidavit of Service and submit this Consent Judgment to the Court, seeking its entry and execution.

4. The Trustee has now filed a Notice of Default and Affidavit of Service with this Court requesting the entry of this Consent Judgment.

**WHEREFORE,** the Trustee and Defendants having consented to the entry of this judgment, as evidenced by their signatures below, and upon the filing of a Notice of Default by Trustee and tender of proper notice to the Defendants, it is hereby

**ORDERED** that final judgment issue in favor of Plaintiff and against Defendants, JOINTLY AND SEVERALY, in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000) against which the Trustee has credited payments received by the Trustee in the amount of $_____, leaving a final judgment amount of _____ (the "<u>Judgment Amount</u>") Post-judgment interest shall accrue at the legal rate from the date of entry of this judgment until satisfaction of the same; and it is

**FURTHER ORDER,** that this Consent Judgment resolves all claims at issue in the case; therefore, the Court expressly finds that there is no just reason for delay and directs entry of final judgment for the Judgment Amount; and it is

**FURTHER ORDERED** that a Writ of Execution issue forthwith against Defendants, jointly and severally for the Judgment Amount.

**\*\*\*END OF ORDER\*\*\***

**PREPARED AND CONSENTED TO BY:**

LAW OFFICES OF HENRY F. SEWELL, JR., LLC

<u>*/s/ Henry F. Sewell, Jr.*</u>
Henry F. Sewell, Jr., Esq.
Georgia Bar No. 636265
hsewell@sewellfirm.com
Buckhead Centre
2964 Peachtree Road NW, Suite 55
Atlanta, GA 30305
Phone: (404) 926-0053
*Counsel for Plaintiff*

*/s/ Aaron M. Clark*
Aaron M. Clark, Esq.
Georgia Bar No. 295700
akan@kanclarklaw.com
869 Virginia Circle NE
Atlanta, Georgia 30306
Phone: 404-291-5195
*Counsel for Defendants Jessica Marie Mendoza and Robert Troy Taitz*


CARROLL LAW FIRM, LLC

*/s/ Stacey A. Carroll*
Stacey A. Carroll, Esq.
Georgia Bar No. 112730
stacey@carroll-firm.com
295 W. Crossville Rd., Suite 730
Roswell, Georgia 30075
Phone: 404-816-4555
*Counsel for Defendants Lumos Supplies, LLC and Alliance Electrical Services, Inc.*


FURRTHER ACKNOWLEDGED AND AGREED TO BY:

JESSICA MARIA MENDOZA

By: _____
Jessica Maria Mendoza


ROBERT TROY TAITZ

By: _____
Robert Troy Taitz


ALLIANCE ELECTRICAL SERVICES, INC. LUMOS SUPPLIES, LLC F/K/A LUMOS
DYNAMICS LLC

By: _____
Name: _____
Its: _____

LUMOS SUPPLIES, LLC F/K/A LUMOS DYNAMICS LLC

By: _Robert Taitz_

Name: _Robert Taitz_

Its: _CEO_

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE BAISIER |

**ORDER GRANTING MOTION TO APPROVE COMPROMISE AND SETTLEMENT**

S. Gregory Hays, chapter 7 trustee (the "**Trustee**") for the Estate (the "**Estate**") of Atlanta Light Bulbs, Inc., Debtor ("**Debtor**") in Bankruptcy Case No. 22-52950 (the "**Bankruptcy Case**"), filed a *Motion to Approve Compromise and Settlement* (the "**Motion**") for: 1) approval of a compromise and settlement (the "**Settlement Agreement**") between the Trustee and Jessica Maria Mendoza ("**Ms. Mendoza**"), Robert Troy Taitz ("**Mr. Taitz**"), Alliance Electrical Services, Inc. ("**AES**"), and Lumos Supplies, LLC f/k/a Lumos Dynamics LLC ("**Lumos**") (collectively, Ms. Mendoza, Mr. Taitz, AES, and Lumos are the "**Defendants**" and, collectively, the Defendants and the Trustee are the "**Parties**"); and 2) authority to provide releases provided therein.

Following notice to all creditors and parties in interest entitled to notice, no objection was filed in opposition to the Motion.  On December 4, 2023, the Court held a hearing on the Motion at which no creditor or party in interest appeared to oppose the Motion. After thorough consideration of the Motion, the Settlement Agreement, the record in this Bankruptcy Case, and arguments of counsel for the Trustee, this Court finds that the approval of the Settlement Agreement as between the Parties is in the best interests of the Estate of the Debtor, the creditors of the Debtor, and all parties in interest.  Accordingly, for good cause shown, it is hereby:

ORDERED, that the Motion is GRANTED and that entry by the Trustee into the Settlement Agreement attached to the Motion on file with the Court was authorized and proper; and it is further

ORDERED, that terms of the compromise and settlement between the Trustee and the Defendants as contained in the Settlement Agreement attached to the Motion are APPROVED; and it is further

ORDERED, that the Trustee is hereby granted the authority to take any and all steps necessary to consummate the compromise and settlement as set forth in the Settlement Agreement attached to the Motion and as herein approved, including, but not limited to the exchange of mutual releases as detailed in the Settlement Agreement and the execution and exchange of such other and further documents to effectuate the Settlement Agreement approved by this Court.

***END OF ORDER***

Order prepared and presented by:
LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305

- 2 -

(404) 926-0053
hsewell@sewellfirm.com
*Counsel for S. Gregory Hays, as Chapter 7 Trustee*
*for the Estate of Atlanta Light Bulb, LLC, Debtor*

**Identification of parties to be served:**

Office of the U.S. Trustee, 362 Richard B. Russell Federal Building, 75 Spring Street SW, Atlanta, GA 30303

Law Offices of Henry F. Sewell, Jr., LLC, c/o Henry F. Sewell, Jr., Buckhead Centre, 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30305

Atlanta Light Bulbs, Inc., 2109 Mountain Industrial Blvd, Tucker, GA 30084

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE BAISIER |

## CERTIFICATE OF SERVICE

This is to certify that on this date a true and correct copy of the foregoing *MOTION TO APPROVE COMPROMISE AND SETTLEMENT* was filed with the United States Bankruptcy Court for the Northern District of Georgia's Electronic Case Filing System, which sent a copy of the foregoing to all registered parties who have filed appearances and requested notices in this case. The foregoing was also deposited in the United States Mail with adequate postage affixed thereto and addressed to the following:

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Spring Street SW
Atlanta, GA  30303

Atlanta Light Bulbs, Inc.
2109 Mountain Industrial Blvd
Tucker, GA 30084

This 31st day of October, 2023.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
*Counsel for S. Gregory Hays, as Chapter 7 Trustee*
*for the Estate of Atlanta Light Bulb, LLC, Debtor*